UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA, a/k/a
FARC-EP a/k/a REVOLUTIONARY ARMED
FORCES OF COLOMBIA; EJERCITO DE
LIBERACION NACIONAL a/k/a ELN a/k/a
NATIONAL LIBERATION ARMY; and THE
NORTE DE VALLE CARTEL,

    Defendants.
_____/

Case No: _____

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, ANTONIO CABALLERO ("Plaintiff"), and files this action and sues defendants FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a/ FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA ("FARC"); EJERCITO DE LIBERACION NACIONAL a/k/a ELN a/k/a NATIONAL LIBERATION ARMY ("ELN"); and THE NORTE DE VALLE CARTEL, a/k/a NDVC, a/k/a North Valley Cartel ("NDVC").

## INTRODUCTION AND BACKGROUND

1. This is an action for remedy pursuant to 18 USC § 2333, which is part of what is commonly referred to as the "Anti-Terrorist Act" (referred to herein as the "ATA").

2. Plaintiff brought an action in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"), in Case No. 12-48803-CA-02 against the same defendants herein, FARC, ELN and NDVC (the "State Court Action"), suing for (among other things) the Defendants' extra-judicial kidnapping, torture and killing of Plaintiff's father for the purpose of facilitating the trafficking and distribution of illicit drugs throughout the United States.

3. Thereafter, Plaintiff became a citizen of the United States, and thus a national of the United States pursuant to 18 U.S.C. § 2331(1)(C), as defined in Section 101(a)(22) of the Immigration and Nationality Act.

4. A default was entered against all three Defendants for failing to appear or respond. On November 18, 2014, after a trial, the Honorable Lisa S. Walsh entered a final judgment (hereafter, "Final Judgment," abbreviated "FJ") on all counts against all Defendants, jointly and severally, in favor of the Plaintiff. A certified copy of the Final Judgment is attached herewith as **Exhibit A.**

5. The Court in the Final Judgment made the following findings:

   a. Defendants are criminal narco-terrorist organizations from the jungles and mountains of Colombia. (FJ, ¶¶ 1-3.) Each is a "terrorist party" within the meaning of Section 201 of TRIA. (FJ, p. 89.)

   b. The Plaintiff, his father, and his family owned and operated farms and properties in the central regions of Colombia, in an area that was strategically located along the Defendants' drug trafficking route. (FJ, ¶ 27.)

   c. The Caballero family's property was strategically located and crucial to the Defendants' drug trafficking route. *Id.*

    d.  ELN forces kidnapped Plaintiff's father, Carlos Caballero, who was (among other things) the former Ambassador to the United Nations, and a leading politician and outspoken critic of narcotics traffickers in Colombia.  The ELN with the FARC, abused and tortured the Ambassador over a period of approximately six months before brutally murdering him.  (FJ, ¶¶ 6-7, 18, 27.)

    e.  Defendants' acts against Plaintiff and his father were done, in part, to send a message to other potentially uncooperative landowners in the region that resistance to (or failure to comply with) Defendants' demands would not be tolerated and would result in them being targeted for kidnapping for ransom and/or assassination.  (FJ, ¶ 28.)

    f.  Defendants further threatened Plaintiff, forcing him to abandon the family farm and flee Colombia to the United States to seek refuge.  (FJ, ¶ 23.)

    g.  At all relevant times, Defendants and others, acted directly and in concert through aiding and abetting and a conspiracy, to effect the kidnapping, torture, and killing of Plaintiff's father.  (FJ, ¶ 27.)

    h.  The claims made in the State Action, and the awards made in Final Judgment, are based on acts of terrorism within the meaning of Section 201 of TRIA.  (FJ, p. 89.)

  6.  The Florida Court's Final Judgment included the judicially awarded amounts as follows:

a. $45,000,000.00 for actual compensatory damages for non-economic damages, including, without limitation, for emotional distress and for physical and psychological pain and suffering.

b. $5,189,001.00 for trebled actual compensatory economic damages to Plaintiff for losses to his business and property.

c. $140,189,001.00 for punitive damages, which is equal to three times the Court's award of base actual compensatory damages.

d. Prejudgment interest in the amount $1,055,483.56.

(FJ, pp. 90-91.)

7. The Final Judgment was not appealed, and the time for appeal has passed. Thus, the Final Judgment is *res judicata* and entitled to full faith and credit pursuant to 28 U.S.C. § 1738.[1]

8. Plaintiff in this action sues Defendants for damages pursuant to 18 U.S.C. § 2333 of the ATA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 18 U.S.C. § 2338, which provides for exclusive federal jurisdiction for ATA claims.

10. This Court has personal jurisdiction over the Defendants pursuant to Florida Statute § 48.193, because the Defendants, through their agents and representatives, transacted business in this State and caused injury in this State, by their criminal activity and operations trafficking millions of dollars of illicit drugs into Florida and the United States for distribution throughout the United States. (FJ, ¶¶ 2, 3, 27, 41, 42.) As found by the State Court, Defendants kidnapping and eventual assassination of Ambassador Caballero was a necessary component part of the Defendants' overall criminal activity and scheme to traffic illicit drugs into South Florida and the United States for their profit and gain. (FJ, ¶ 27.) Defendants' actions against the

---

[1] The Final Judgment was collaterally attacked in post-judgment garnishment proceedings, which included attacks as to both the Florida Court's personal jurisdiction over the Defendants and the Florida Court's subject matter jurisdiction. The attacks on the Final Judgment were rejected by the trial court, which also entered a turnover judgment. The trial court's rulings were affirmed (per curiam) on appeal by the Florida Third District Court of Appeal. For purposes of a full faith and credit analysis, "[i]t has long been the rule that principles res judicata apply to jurisdictional determinations -- both subject matter and personal." Thus, "'a judgment is entitled to full faith and credit -- even as to questions of jurisdiction -- when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.'" *Weininger v. Castro*, 462 F. Supp. 2d 457, 472 (S.D.N.Y. 2006) (citations omitted). The Final Judgment was also domesticated in the District Court of Utah, case number 2:17-cv-00315-PMW.

4

Ambassador and Antonio Caballero were inextricably intertwined with, and a necessary component of, Defendants' trafficking of illegal drugs into and throughout South Florida and the United States for their profit and gain. *Id.*

11.   Venue is proper in this Court pursuant to 18 U.S.C. § 2334(a) because Plaintiff resides in Miami-Dade County, Florida.

## **COUNT I – CIVIL ACTION UNDER 18 U.S.C. § 2333**

12.   Paragraphs 1 through 11 are fully incorporated herein.

13.   Defendants' activities against the Ambassador and Plaintiff are acts of international terrorism because:

(i) they involved acts which were violent or dangerous to human life that were violations of the criminal laws of the United States and the laws of Florida, and/or would be a criminal violation of the laws of the United States and the laws of Florida if committed within the jurisdiction of the United States and Florida;

(ii) they were intended to intimidate or coerce a civilian population, to wit: Plaintiff, his father and family, and other potentially uncooperative landowners in the region where Plaintiff's family owned and operated farms and property; and

(iii) they transcended national boundaries in terms of the means by which they were accomplished, and/or the locale in which the perpetrators operated.  As stated above, Defendants' activities of kidnapping, injuring and killing the Ambassador and threatening Plaintiff transcended national boundaries as the activities spanned the borders of both Colombia (e.g. the kidnapping, torture and murder of the Ambassador) and the United States (e.g. such actions were necessary components and inextricably intertwined with Defendants' activities in trafficking illicit drugs into and throughout South Florida and the

United States).

14. Plaintiff, a national of the United States, was, and continues to be, injured in his person and property and business by reason of Defendants' acts of international terrorism.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually and jointly and severally, for threefold damages, attorney's fees, and interest, and such other relief as the Court deems warranted and just.

Plaintiff demands a jury trial on all issue so triable.

DATED this 19th day of December, 2018.

Respectfully submitted,

 */s/ Joseph I. Zumpano*
Joseph I. Zumpano  Fla. Bar. No. 0056091
jzumpano@zplaw.com
Leon N. Patricios  Fla. Bar No. 0012777
lpatricios@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel:   305-444-5565