UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO.: 1:18-CV-25337-KMM

FILED BY __MP__ D.C.

JAN 25 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ANTONIO CABALLERO,

    Plaintiff,

vs.

FARC-EP, ELN, and THE NORTE DE VALLE CARTEL,

    Defendants,
_____/

## MOTION TO DISMISS COMPLAINT

I am currently an inmate serving a federal prison sentence after pleading guilty to narcotics trafficking. I am entitled to the protections of the FARC's recent historic peace agreement with the Colombian government including the amnesty provisions. I now move this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for an Order dismissing the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

1.    Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction because at the time of the terrorist acts in 1999 neither he or his father were a U.S. national. 18 U.S.C. §2333(a). The ATA does not provide subject matter jurisdiction to award relief to aliens who were injured by acts of international terrorism.

2.    The fact that Plaintiff himself may have become a U.S. citizen sometime between 13-19 years after the terrorist acts occurred does not mean that a U.S. national was injured in his or her person, property or business. The ATA does not allow alien terrorism victims across the globe to bring an ATA action in U.S. federal courts if they

are ever able to become a U.S. national years later after the terrorist acts occur.  Had Congress intended otherwise it could have said "any person <u>who ever becomes</u> a U.S. national …", or "national of the United States <u>who was ever</u> injured…, but Congress did not do so.  Also, all of the predicate criminal act statutes that are included in the ATA itself [18 U.S.C. §2331 et seq.] clearly require either that the act be perpetrated on a U.S. national, or in the United States, or be committed by a U.S. national.

3.  Subject matter jurisdiction can be raised at any time.  Courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. <u>Gonzalez v Thaler</u>, 132 S.Ct. 641, 648 (2012).  Subject-matter jurisdiction can never be waived or forfeited and may be raised at any point in the litigation.  <u>Id</u>.

4.  Plaintiff's ATA Complaint is also time barred.  Plaintiff admits that his father's body was found on August 15, 1999 so even assuming Plaintiff was a U.S. national at the time of the terrorist act (which he was not), the cause of action accrued no later than this date.  On January 2, 2013, Congress amended the ATA's statute of limitations to 10 years from when the cause of action accrued.  Plaintiff's Complaint is clearly time barred because this ATA action was filed more than 19 years after the cause of action arose in 1999.

5.  Neither Plaintiff's state court Complaint (Alien Tort Statute and Civil RICO) or the pending ATA Complaint allege any basis for tolling of the limitations period.  Plaintiff could have brought the same or similar action in Colombia at any time after 1999, and all of the Defendants were present in Colombia during this time period.  Colombian law affords a legal remedy for damages caused by kidnapping, murder and terrorist acts.

2

Also, many members of the FARC, ELN and the NVC have been captured and imprisoned in both Colombia and the United States for well over 10 years.

6.  Plaintiff's Complaint seeks to have this Court adopt the findings and damage awards made by a state court judge in a separate action involving completely different causes of action. The Florida doctrine of res judicata requires identify of the causes of action. Saboff v. St. John's River Water Management Dist., 200 F.3d. 1356, 1360 (11th Cir. 2000). Plaintiff now brings an entirely new cause of action governed by federal law, including on the issue of damages. For example, Plaintiff's ATA Complaint alleges amounts awarded by the state court for economic damages, non-economic damages and punitive damages.

7.  With respect to punitive damages, these simply are not available in an ATA action as a matter of law. See Smith v. Islamic Emirate of Afghanistan, 262 F.Supp.2d 217, 240 (S.D.N.Y.2003) (punitive damages not available under the ATA, which already offers treble damages); Estate of Parsons v. Palestinian Auth., 715 F. Supp. 2d 27, 31 (D.D.C. 2010), aff'd, 651 F.3d 118 (D.C. Cir. 2011)(Count Six, which seeks punitive damages, was asserted in connection with the non-ATA claim and must be dismissed.). If this court is going to extend the ATA to alien victims like Plaintiff, it must limit the damage award to those damages actually suffered after Plaintiff became a U.S. national, and in accordance with well-established federal common law precedent governing the elements and amounts for such awards of surviving adult children who suffer only indirect injury as a result of direct injury to an elderly parent. See e.g. Pescatore v. Palmera Pineda and FARC, 2018 WL 5723138 (D.D.C. 2018) (awarding

$3 million to the U.S. national decedent's surviving U.S. national children for their non-economic damages).

WHEREFORE Defendant requests entry of any order dismissing the Complaint with prejudice.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January ___, 2019, I mailed the signed original of this motion to the Clerk of Court for filing, and it is my understanding that it will then be electronically served on plaintiff's lawyers by the Clerk upon filing.

*Ignacio*     *Ignacio Leal Garcia*
_____
           Leal Garcia
BOP Register No. 31144-016
F.C.I. Berlin
P.O. Box 9000
Berlin, N.H. 03570



Ignacio
Leal Garcia
BOP Register No. 31144-016
F.C.I. Berlin
P.O. Box 9000
Berlin, N.H. 03570

FCI BERLIN
P.O. BOX 69 BERLIN, NH 03570
DATE: 1/18/19

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the ___ ___ ___ above address."

Clerk of Court
U.S. District Court
Southern District of Florida
Attn: Inmate Pro Se Filing
400 N. Miami Avenue
Miami, FL, 33128



LEGAL MAIL

