**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,
v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendants.
                                          /

**SEALED ORDER ON *EX PARTE* MOTION FOR AGENT AND**
**INSTRUMENTALITY DETERMINATION**

THIS CAUSE came before the Court upon Plaintiff Antonio Caballero's ("Plaintiff") *Ex Parte*, Expedited Motion for Agent or Instrumentality Determination. ("Mot.") (ECF No. 150). Therein, Plaintiff seeks a determination that certain individuals and entities are agents and instrumentalities of FARC pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(e), the Terrorism Risk Insurance Act ("TRIA") of 2002, Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337, Rule 69(a) of the Federal Rules of Civil Procedure, and Florida Statutes §§ 55, 77. Mot. at 1.

**I.   BACKGROUND**

On December 19, 2018, Plaintiff filed the Complaint, seeking damages under 18 U.S.C. § 2333, which is part of the ATA, for Defendants' acts of terrorism against him. *See* Complaint (ECF No. 1) ¶¶ 12–14. Specifically, Plaintiff sought damages for Defendants' kidnapping and murder of his father. *Id.* ¶ 2. On December 18, 2019, Plaintiff moved for default judgment, which the Court granted. (ECF No. 58); ("Order") (ECF No. 62). Specifically, the Court found that Defendants were liable under the ATA. Order at 7. And, the Court awarded (1) $45,000,000.00

in actual compensatory non-economic damages, which is further trebled pursuant to § 2333; (2) $1,729.667.00 in actual, compensatory economic damages, which is further trebled pursuant to § 2333; and (3) post-judgment interest at the rate of 0.15% per annum on the above-awarded trebled economic and non-economic damages. *Id.* at 14.  Now, Plaintiff seeks a determination that certain individuals and entities are agents and instrumentalities of FARC.  *See generally* Mot.; ("Ex. 1") (ECF No. 150-1); ("Ex. 2") (ECF No. 150-2).

## II.     LEGAL STANDARD

Congress enacted TRIA to govern certain post-judgment attachment proceedings for cases involving terrorist attacks.  Pursuant to § 201(a), for every case in which an individual has obtained a judgment against a terrorist party on a claim based on an act of terrorism, "the blocked assets of that terrorist party (including [those] of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." § 201(a).

The party must first establish that she has obtained a judgment against a terrorist party that is either for a claim based on an act of terrorism or for a claim for which a terrorist party is not immune.  *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 723 (11th Cir. 2014). The party must then show that the assets are blocked as that term is defined in TRIA.  *Id.*  Additionally, the total amount of the execution cannot exceed the amount of compensatory damages.[1]  *Id.*  And, if the party wishes to execute against the assets of a terrorist party's agency or instrumentality, the party must further establish that the purported agency or instrumentality is actually an agency or instrumentality of the terrorist party.  *Id.*

---

[1] Plaintiff does not seek a writ of execution in his Motion.  *See* Mot. at 1, 20.

### III. DISCUSSION

Plaintiff has established that he has obtained a judgment against a terrorist party for a claim based on an act of terrorism. The term "terrorist party" means a terrorist, a terrorist organization (as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(3)(B)(vi))), or a foreign state designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. § 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371). § 201(d)(4). The United States has designated FARC as a Specially Designated Global Terrorist ("SDGT") under Executive Order 13224 and a Specially Designated Narcotics Trafficker ("SDNT") pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901–1908. *See Stansell v. Revolutionary Armed Forces of Colom.*, No. 8:09-cv-2308, 2013 WL 12133661, at *1 (M.D. Fla. May 2, 2013) (finding that FARC is a terrorist party as defined by 201(d)). Further, in the Court's Order granting default judgment, the Court found that Defendant's conduct constituted an act of international terrorism. Order at 6.

Plaintiff has established that the purported entities are agents or instrumentalities of FARC. An agent and instrumentality is

> any SDNT[,] . . . including all of its individual members, divisions and networks, that is or was ever involved in the cultivation, manufacture, processing, purchase, sale, trafficking, security, storage, shipment or transportation, distribution of FARC coca paste or cocaine, or that assisted the FARC's financial or money laundering network, . . . because it was either: (1) materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of . . . [FARC]; and/or (2) owned, controlled, or directed by, or acting for or on behalf of, . . . [FARC]; and/or (3) playing a significant role in international narcotics trafficking [related to coca paste or cocaine manufactured or supplied by the FARC].

*Stansell*, 771 F3d at 724 n.6 (adopting the district court's definition of agent and instrumentality). Additionally, any entity owned, directly or indirectly, by 50% or more of an agent or instrumentality of a terrorist organization is also an agent or instrumentality of that terrorist

3

organization. U.S. Dep't of Treasury, Revised Guidance on Entities Owned by Persons Whose Property and Interests in Property are Blocked ("Revised Guidance"), https://home.treasury.gov/system/files/126/licensing_guidance.pdf (Aug. 13, 2014).

Plaintiff provides sworn declarations from John Robert McBrien ("McBrien"), the former Associate Direct for Global Targeting in the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"). ("McBrien Decl.") (ECF No. 73-2) ¶¶ 1–6; ("Suppl. McBrien Decl.") (ECF No. 81-1) ¶¶ 1–2. In this role, McBrien was in charge of OFAC's designations operations and had a seminal role in the conception, design and development of the Specially Designated Nationals and Blocked Persons List ("SDN List"). McBrien Aff. ¶¶ 1–2. Moreover, McBrien served as a senior advisor in the Narcotics and Transnational Crime Support Center of the Department of Defense, advising on sanctions, illicit finance, and countering threat networks. *Id.* ¶ 5.

In his Supplemental Declaration, McBrien opines that (1) Raul Gorrin Belisario ("Gorrin") and (2) Gustavo Adolfo Perdomo Rosales ("Perdomo") are agents and instrumentalities of FARC due to their involvement in and activities regarding the Venezuela currency exchange program, "which served as a primary vehicle for money laundering for, and which was inextricably tied to the bribery of, FARC operatives within or surrounding the Maduro regime . . . while such FARC operatives were acting in support of Maduro's grip on power which enabled his vast international narcotics trafficking of FARC cocaine[.]"[2] McBrien Suppl. Decl. ¶ 40. Moreover, McBrien avers that "the Venezuela currency exchange program is a critical component in enabling money

---

[2] In its January 27, 2021 Sealed Order on *Ex Parte*, Expedited Motion for Agent or Instrumentality Determination and Issuance of Writ of Garnishment, this Court determined that Leonardo Gonzalez Dellan was an agent and instrumentality of FARC due to his participation in the Venezuela currency exchange program. *See* (ECF No. 91).

4

laundering of proceeds from the sale of FARC cocaine." *Id.* ¶ 40 n.6.  According to McBrien, Gorrin and Perdomo "were involved 'in a significant corruption scheme designed to take advantage of the Government of Venezuela's currency exchange practices, generating more than $2.4 billion in corrupt proceeds.'" *Id.* ¶ 35 (quoting Press Release, U.S. Dep't of Treasury, Treasury Targets Venezuela Currency Exchange Network Scheme Generating Billions of Dollars for Corrupt Regime Insiders (Jan. 8, 2019), https://home.treasury.gov/news/press-releases/sm583).  McBrien identifies participants in the currency exchange scheme, including Gorrin and Perdomo, as agents and instrumentalities of FARC, because their "activities materially assisted in, and provided financial or technological support for or to, or providing of goods or services in support of, the international narcotics trafficking activities of the FARC." *Id.* ¶¶ 34, 40.  Accordingly, the Court finds that the individuals listed in Exhibit 1, namely Gorrin and Perdomo, are agents and instrumentalities of FARC.  (Ex. 1).

Plaintiff has established that the assets of the individuals identified on Exhibit 1 and the entities on Exhibit 2 are blocked assets.  TRIA defines "blocked assets" as "any asset seized or frozen by the United States under section 5(b) of the Trading With the Enemy Act [('TWEA')] or under sections 202 and 203 of the International Emergency Economic Powers Act [('IEEPA')]." TRIA § 201(d)(2)(A) (citation omitted).  Assets are blocked when OFAC identifies the owner on the SDN List or designates the owner of the assets as a Specially Designated Narcotics Trafficking Kingpin ("SDNTK").  *See* 31 C.F.R. §§ 594.201, 594.301, 597.201, 597.303; § 2333(e).  Further, property owned by an entity that itself is owned, directly or indirectly, by more than 50% by a designated Specially Designated National is also a blocked asset.  U.S. Dep't of Treasury, Revised Guidance.  And, OFAC has identified Gorrin and Perdomo, and the entities they control—as listed in Exhibit 2 and named by McBrien—as Specially Designated Nationals, which blocks their assets

under the TRIA. Suppl. McBrien Decl. ¶ 34; *see* § 201(d)(2)(A).

### IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's *Ex Parte*, Expedited Motion for Agent or Instrumentality Determination (ECF No. 150) is GRANTED. Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. Each individual that is set forth in Exhibit 1 (ECF No. 150-1) and each entity that is set forth in Exhibit 2 (ECF No. 150-2) is an agency or instrumentality of FARC;

2. The assets of each individual and entity that are set forth in Exhibits 1 and 2 are blocked assets;

3. Plaintiff shall notify the Court once he has attached all assets that are subject to this Order. Upon filing of such notice or thirty (30) days from the date of this Order, whichever occurs first, the Clerk of Court is INSTRUCTED to unseal the Motion (ECF No. 150), its attachments (ECF Nos. 150-1, 150-2, 150-3, 150-4), and this Order;

4. The Clerk of Court is authorized and directed to issue such further writs in aid of execution as warranted under and in accordance with, Rule 69 of the Federal Rules of Civil Procedure and consistent with the Court's Order.

DONE AND ORDERED in Chambers at Miami, Florida, this *22nd* day of April, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record