UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
etc., et al.,

    Defendants.
_____/

**INTERESTED PARTIES' SECOND MOTION TO UNSEAL
THE ENTIRE COURT FILE**

On September 21, 2022, Planet 2 Reaching, Inc., Posh 8 Dynamic Inc., RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., RIM Group Properties of New York II Corp., and Tindaya Properties of New York (the "Interested Parties"), filed an Unopposed Motion to Unseal the Entire Court File (D.E. 167) and, on September 23, 2022, the Court entered its Order Granting Unopposed Motion to Unseal the Entire Court File (D.E. 170).

Although the Clerk entered a "NOTICE of Compliance re 170 Order on Motion to Unseal Court File. Sealed portion of the docket unsealed. (pcs) (Entered: 09/26/2022)," certain filings still remain under seal, most importantly D.E. 150-1,

150-2, which purport to identify each individual and entity allegedly liable for the default Final Judgment (D.E. 63) based on the court's ex parte finding that each is "an agency or instrumentality of FARC." See D.E. 151 at 6. *See also* D.E. 150-3 (purporting to identify property subject to attachment / execution).

Even after the court ordered the unsealing of the entire court file, two additional filings appear on the docket as "restricted/sealed until further notice." See D.E. 172, 173. The Interested Parties ask that the court direct the Clerk to unseal the *entire* court file, including the newly filed entries. As the Interested Parties explained in its (then) Unopposed Motion to Unseal Court File:

> "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). The denial of public access must be "'necessitated by a compelling governmental interest, and . . . narrowly tailored to that interest.'" *Id.* at 1311 (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)). All court filings are presumptively a matter of public record and cannot be sealed absent specific legal authority or court order. *See* Local Rule S.D. Fla. 5.4(a); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). Parties generally cannot keep from public view materials filed with the court in connection with dispositive motions. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1998); *see also Leucadia Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Even if the parties agree to seal court documents – which never occurred here – that "is immaterial" to the public's right of access. *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). "When sealing proceedings or documents, a

> court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (quoting *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)). Because Plaintiff's sealing of many of the court filings in this case is not supported by controlling federal law, the Court file should be unsealed.

D.E. 167:2 (citing Local Rule 5.4(a)); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 748 (11th Cir. 2014).

Undersigned conferred with Plaintiff's counsel who advised that Plaintiff **objects to unsealing of the new filings D.E. 172 and 173** but does not object to unsealing the other docket entries referenced in this motion.

                                      Respectfully submitted,

                                      /s/ Howard Srebnick
                                      Howard Srebnick (FL Bar No. 919063)
                                      Black Srebnick
                                      201 South Biscayne Blvd., Suite 1300
                                      Miami, FL 33131 / Tel: (305) 371-6421
                                      HSrebnick@RoyBlack.com
                                      *Attorney for the Interested Parties*