UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

      Plaintiff

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, et al.,

      Defendants.
_____/

## THE INTERESTED PARTIES' RESPONSE IN OPPOSITION TO [ECF NO. 347] PLAINTIFF'S EXPEDITED MOTION FOR CONSIDERATION OF [ECF NO. 326] MOTION TO DISSOLVE PRELIMINARY INJUNCTION

    An expedited ruling on Caballero's Motion to Dissolve, (ECF No. 326), is not necessary because a judicial sale of the Fisher Island Property is not "imminent" as the Motion for Summary Judgment by the Fisher Island Condominium Association (the "Association") has not been scheduled for hearing (and cannot be scheduled for nearly a month), much less adjudicated. Moreover, it is undisputed that the Fisher Island Property is subject to a license from OFAC in the name of Mr. Ed Wilson, (ECF No. 276-4), and without a current OFAC license to execute upon the Fisher Island Property, the Association cannot conduct a judicial sale. Caballero's argument that his alleged "interest" in the property is now being placed at risk because he is not paying his assumed obligations to the Association, does not warrant the dissolution of the existing Preliminary Injunction.

    While the Association recently filed a Motion for Summary Judgment, on July 10, 2023, to foreclose its claim of lien on the Fisher Island property located at 7043 Fisher Drive, Unit 7043, Miami Beach, Florida 33109 (the "Fisher Island Property"), the Motion for Summary Judgment

1

has not yet been scheduled for hearing, much less adjudicated. ECF No. 347-1. Pursuant to Florida Rule of Civil Procedure 1.510(b), the Association's Motion wait "at least 40 days" before setting its Motion for Summary Judgment for hearing. Therefore, the earliest the Motion for Summary Judgment can be scheduled for hearing is August 21, 2023, assuming the presiding judge and opposing parties are available. As of this date, the Association's Motion for Summary Judgment has not yet been scheduled for hearing on *any* date.

Moreover, the Association's pending Motion for Summary Judgment is directed at a party and claim not before this Court – Count II of its Complaint (among others) to extinguish an interest over the Fisher Island Property by Casa Express Corp. ("Casa"). ECF No. 347-1 at 3. Casa was named by the Association in the action as it appeared on a Title Search Report as an interested party to the Fisher Island Property. *Id*. Casa recently filed an Answer and Affirmative Defenses to the Association's Complaint on May 12, 2023. *See* Casa's Answer and Affirmative Defenses, attached hereto as Exhibit 1.

In its Affirmative Defenses, Casa claims that the Bolivarian Republic of Venezuela ("Venezuela") holds a constructive trust over the Fisher Island Property and, as a result, Venezuela should have been joined in the action and the Complaint fails to establish subject matter jurisdiction or an exception to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). *Id*. at 4. There is no constructive trust by Venezuela, this is a remedy being sought by Casa in its supplementary action. *See, e.g., Casa Express v. Venezuela*, No. 1:21-cv- 23102-BB (S.D. Fla.). According to Casa, a public sale of the properties would be in contravention of the FSIA. *Id*. Moreover, Casa claims entitlement to surplus funds from the sale due to the recordation of its judgment against Venezuela in the public records of Miami-Dade County, making it a lienholder over the Fisher Island Property. *Id*. at 5. Given its Affirmative Defenses, Casa will likely

file an opposition to the Association's Motion for Summary Judgment. No discovery has been conducted in that case whatsoever, and the presiding judge may very well conclude that genuine issues of fact preclude the entry of summary judgment.

Aside from its Motion for Summary Judgment, the Association cannot foreclose on the Fisher Island property without approval from the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"). The Association's Motion for Summary Judgment states that, "[o]n May 17, 2021, OFAC issued License No. Venezuela-2020-367941-1, authorizing the Association to 'engage in all transactions necessary to collection efforts; against" the Fisher Island Property. ECF No. 347-1 at 5. However, the Association's License, expired on May 31, 2023. *See* the Association's License, attached hereto as Exhibit 2 ("This License **expired on the earlier of the completion of the authorized transaction or on May 31, 2023**[.]") (emphasis in original). While the Association may attempt to renew its license or obtain a new license, the process may take months. Thus, the Association's lack of a current license precludes its efforts to force a judicial sale of the Fisher Island Property, an OFAC-blocked asset. To the contrary, the current license of Mr. Ed Wilson, (ECF No. 276-4), precludes any execution proceeding under 31 C.F.R. § 591.202(e).

Lastly, to the extent Caballero claims to be the "owner of the Fisher Island Property," (ECF No. 347 at 3), he can easily extinguish the Association's lien over the Fisher Island Property by paying the fees and costs owed. Or Caballero can seek to intervene in the Association's action to assert his claim of interest upon the Fisher Island Property and prevent a judicial sale. When Caballero sold the Fisher Island Property to himself at a Marshal's Sale for $28 million less than he valued it with his judgment credit bid, and the Interested Parties thereafter sought to restrain him from selling it to a third party, he argued to Magistrate Judge Becerra that he faced financial

risks, just as he is arguing now, that "lienholders may force a tax deed sale leaving [him] with less than the value he obtained from his judgment." ECF No. 202 at 40-21 (Magistrate Judge Becerra's Report and Recommendations ("R&R")); *See* ECF No. 192 at 9 ("[I]f [Plaintiff] does not immediately place the Fisher Island Property on the market and sell it promptly, one of the lienholders could force a tax deed sale[.]"). Magistrate Judge Becerra aptly noted that Caballero "chose to purchase" the Fisher Island Property and that Caballero "went forward to buy the property for pennies on the dollar knowing that the agency and instrumentality designation had been ordered without notice, and that the Motion to Vacate so that the Interested Parties could be heard was still pending at the time of sale (indeed, it was not yet fully briefed). The risk he now runs should not outweigh the harm faced by the Interested Parties who did not receive the notice to which they were entitled under the law." ECF No. 202 ("R&R") at 42.

In adopting Magistrate Judge Becerra's recommendation and imposing the Preliminary Injunction, this Court rejected Caballero's argument that "he may face potential foreclosure action by the Properties' respective lienholders," finding that "the Court agrees with the R&R's finding that going forward with Plaintiff's execution and sales proceedings would rob the Interested Parties of their guaranteed right to notice and opportunity to be heard." ECF No. 214 at 14. This Court then entered its Preliminary Injunction restraining Caballero, his entities, and agents from "dissipating, conveying, encumbering, or otherwise transferring ownership of the Fisher Island [Property]." *Id*. at 17. Caballero is now raising the same concerns that were previously rejected, and a Motion for Summary Judgment filed by the Association that has not even been scheduled for hearing does not make the sale of the Fisher Island Property imminent, especially when the Fisher Island Property remains a blocked assets for which the Association does not have a current OFAC license.

**CONCLUSION**

For the reasons set forth above, both Plaintiff's Motion to Dissolve Preliminary Injunction, (ECF No. 326), and Plaintiff's Expedited Motion for Consideration of the Motion to Dissolve Preliminary Injunction, (ECF No. 347), should be denied.

Dated: July 31, 2023                                  Respectfully submitted,

*/s/Lisandra Guerrero*
Howard Srebnick (FL Bar No. 919063)
Lisandra Guerrero (FL Bar No. 98521)
**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421
E-mail: HSrebnick@RoyBlack.com
LGuerrero@RoyBlack.com

*Counsel for the Interested Parties*