UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendants.
_____/

**PLAINTIFF ANTONIO CABALLERO'S OPPOSITION TO THE INTERESTED PARTIES' MOTION (ECF NO. 360) TO CONTINUE TRIAL DATE BASED ON SCHEDULING CONFLICT**

The IPs'[1] recently filed motion to continue the trial (ECF No. 360, the "Continuance Motion") currently set for November of this year—begs the questions: how far astray from the Florida's Terrorism Victim Fugitive Disentitlement Act ("TVFA")[2]—and even pre-TVFA jurisprudence—are the IPs willing to take this Court, and when will this Court say "enough?" For the reasons set forth below, Caballero respectfully requests that this Court delay no further in saying "enough", strike the upcoming trial, and deny the IPs' Continuance Motion as moot.

The record before this Court is replete with instances in which the IPs have attempted to lead this Court into legal error. Caballero cites to three: a) that the TVFA does not apply—it does, here and now; b) that this Court become the first court in the U.S. to deprive a terrorism victim of the opportunity to confront—in-person, at trial, through testimony in front of a jury—fugitive agencies or instrumentalities ("A/Is") (e.g., Gorrin and Perdomo); and c) that the fugitive A/Is should receive a continuance to a trial to which they are not entitled under the TVFA.

The IPs have argued that the TVFA be set aside completely, even though the TVFA: i) is applicable at this stage of the proceedings; ii) prohibits a trial (jury or otherwise); and iii) and prohibits use of this Court's resources in any way and to any extent, given the fugitive status of

---

[1] The "IPs" are defined as Raul Gorrin Belisario ("Gorrin"), Gustavo Adolfo Perdomo Rosales ("Perdomo"), and the 23 entities listed at ECF No. 207 at 2, n.1.
[2] Codified in Fla. Stat. Section 772.13(6)) (2023).

Gorrin and Perdomo under the TVFA. [3] Caballero once again asks this Court to immediately stop the IPs from proceeding any further with this case to avoid further violations of the TVFA.

In yet another recent attempt to lead this Court down the path of legal error, the IPs have asked this Court to become the first court in the U.S. to deprive a terrorism victim of the opportunity to confront—in-person, at trial, through testimony in front of a jury—a fugitive A/I. *See* ECF No. 353. But as Caballero previously briefed in his reply brief in support of his motion in limine (ECF No. 356 at 2-8), whether this Court espouses that the Florida's TVFA—which prohibits such repugnant conclusion—applies now or later, Federal Rule of Civil Procedure ("FRCP") 43(a) prohibits depriving a terrorism victim of the "***powerful force for truthtelling***," which "***[t]he very ceremony of trial and the presence of the factfinder may exert,***" as well as "***[t]he opportunity to judge the demeanor of a witness face-to-face.***"[4] Indeed, Caballero provided this Court with *directly on-point* cases (which address FRCP 43 in the fugitive context)—*In re Emanuel*[5] and *In re Henson*.[6] The IPs simply failed to overcome the premise for which Caballero cites *Emanuel,* that is, Gorrin's "***fear of arrest…is neither good nor compelling***" cause under FRCP 43(a). 406 B.R. at 637 (emphasis added). **Indeed, the IPs were unable to cite a single case authorizing a fugitive to testify remotely at trial in their FRCP 43(a) analysis**. *See* ECF No. 353 at 4-7.[7]

---

[3] By operation of law: (a) the TVFA defines a postjudgment execution proceeding as enforcing "a judgment under….18 U.S.C s. 2333"; (b) 18 U.S.C. s. 2333 makes clear that the judgment it addresses are those against a Foreign Terrorist Organization (e.g., the FARC), and (c) under TRIA 201(a)—it is the judgment **"*obtained…against a terrorist party"*** (i.e., against the Foreign Terrorist Organization—FARC—in this instance) that renders the ensuing execution and attachment proceedings as "postjudgment execution proceedings." The TVFA applies here and now. The TVFA is worded broadly (e.g., "[i]n any postjudgment execution proceedings" and "[a] defendant or a person," *see* Fla. Stat. § 772.13(6)(a)), such that a narrow interpretation of the TVFA would contravene its statutory construction. Yet a narrow interpretation—one where the TVFA applies only in proceedings ancillary or subsequent to an A/I determination—is precisely what this Court has espoused. *See* ECF No. 8-10. Given the TVFA's breadth, a broad interpretation of the TVFA—one that rebalances rights in favor of a victim of terrorism—makes logical jurisprudence. Otherwise, a victim of terrorism would face the very same issues Caballero faces now, discussed in greater detail below.

[4] *See* 1996 advisory committee notes of FRCP 43(a) (emphasis added).

[5] 406 B.R. 634, 637 (Bankr. S.D.N.Y. 2009).

[6] 289 B.R. 741, 743 (Bankr. N.D. Cal. 2003).

[7] Caballero also previously briefed the many reasons why Gorrin's and Perdomo's "blocked" status is not good cause (under FRCP 43(a)) for allowing them to testify remotely at trial in their individual or representative capacity. *See* ECF No. 356 at 5-7. So too did Caballero brief why

The IPs now—yet again—seek to lead this Court further astray by asking it to postpone (again)[8] a victim of terrorism's trial against A/Is despite the TVFA prohibiting the trial and despite the fugitive A/Is already stating that they have no intention of attending the trial. In their Continuance Motion, the IPs argue that a continuance is necessary because IPs' counsel, Mr. Srebnick, has a conflicting trial (the "*Johnson* trial") during the same period. *See* ECF No. 360 at 1. Preliminarily, it bears mentioning that IPs waited over month from this Court's paperless order rescheduling trial (entered on June 28, 2023) to file their Continuance Motion. Furthermore, the IPs' Continuance Motion tellingly reveals that: "***The Johnson trial has been continued previously, twice in this calendar year*** due to the unavailability of a foreign defense witness with health issues…***Undersigned anticipates that the defendants will seek a further continuance*** if, as the trial date approaches, the foreign witness remains unable/unwilling to travel and the Rule 15 motion remains unresolved." *See* ECF No. 360 at 1-2 (emphasis added). Thus, the IPs ask this Court to delay the trial here in favor of the *Johnson* trial—which counsel for the IPs admits he will likely be seeking to continue (for a third time), thereby mooting any potential conflict. The TVFA prohibits any trial (jury or otherwise) in this instance, and despite the Court's prior erroneous ruling regarding the timing of the applicability of the TVFA, the established pre-TVFA jurisprudence—cautions against litigants' delay tactics.

Caballero thus respectfully requests that this Court deny the IPs' Continuance Motion (ECF No. 360).

Respectfully submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano
Fla. Bar. No. 0056091
jzumpano@zplaw.com
Leon N. Patricios
Fla. Bar No. 0012777

---

Zoom would not provide an "appropriate safeguard" under FRCP 43(a), *see* ECF No. 356 at 7-8, including the argument: Were the Court to grant the IPs' request that Gorrin and Perdomo be permitted to testify remotely (individually or on behalf of the IP Entities), the remote tool (i.e., Zoom) would become the very vehicle fugitives such as Gorrin and Perdomo utilize to game the system. Such result would eviscerate the "***powerful force for truthtelling***," which "***[t]he very ceremony of trial and the presence of the factfinder may exert.***" *See supra* n.4 (emphasis added).
[8] This Court previously *sua sponte* rescheduled trial, which was originally set to take place this month. *See* June 28, 2023 Paperless Order Rescheduling Trial in Miami.

lpatricios@zplaw.com
Gabriela Rosell
Fla. Bar No. 0111735
grosell@zplaw.com

ZUMPANO PATRICIOS, P.A.
312 Minorca Ave.
Coral Gables, FL 33134
Tel: (305) 444-5565

*Attorneys for Plaintiff Antonio Caballero*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2023, the undersigned electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano