UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, et al.,

    Defendants.

_____/

**THE INTERESTED PARTIES' REPLY IN SUPPORT OF THEIR
[ECF NO. 353] CROSS-MOTION TO PERMIT REMOTE
TRIAL TESTIMONY BY GORRIN AND PERDOMO[1]**

While the issue of remote trial testimony has not yet been decided, Magistrate Judge Becerra held, and this Court agreed, that "good cause existed to permit remote depositions of Gorrin and Perdomo" because "given Gorrin and Perdomo's OFAC designations, denying the Interested Parties' request 'would effectively prohibit the depositions from taking place at all, a result that would seriously undermine if not outright eliminate their ability to challenge the agency or instrumentality determination.'" ECF No. 253 at 3 (quoting ECF No. 253 at 7). The same reasoning applies here. Denying the Interested Parties' Cross-Motion and requiring Gorrin and Perdomo to appear in person at trial "would effectively prohibit [their trial testimony] from taking place at all, a result that would seriously undermine if not outright eliminate their ability to challenge the agency or instrumentality determination." *Id.*[2]

---

[1] For ease of reference, Caballero's Motion in Limine, (ECF No. 345), will be referred to as "*MIL*." The Interested Parties' Response in Opposition to Plaintiff's Motion in Limine and Cross-Motion to Permit Remote Trial Testimony by Gorrin and Perdomo, (ECF No. 353), will be referred to as "*Cross-Motion*." Caballero's Response in Opposition to the Interested Parties' Cross-Motion to Permit Remote Trial Testimony by Gorrin and Perdomo, (ECF No. 356), will be referred to as "*Cross-Motion Response*."

[2] Caballero attempts to accuse the Interested Parties of quoting this ruling by Magistrate Judge Becerra and this Court misleadingly so as to "give the appearance that" the issue of remote trial testimony has already been decided. However, by Caballero's own admission, the Interested Parties' quote was an "attempt to apply the logic of Judge Moore's Order –overruling Caballero's objections to [Magistrate Judge] Becerra's Orders (ECF Nos. 253, 263), effectively allowing the

1

Caballero claims this reasoning "is of no avail to the [Interested Parties] in the *trial* context" because "in the *trial* context, due process concerns overwhelmingly weigh in favor of Caballero[.]" Cross-Motion Resp. at 3, n. 5 (emphasis in original). Caballero does not cite to a single applicable legal authority for the proposition that due process rights at trial should be slanted in his favor, nor can he. Instead, Caballero reverts back to the inapplicable TVFA, claiming it "has 'stepped in' to rebalance [due process] rights in Caballero's favor." Cross-Motion Resp. at 3. At the same time, Caballero recognizes that "the Court has decided that the TVFA 'is not applicable at this juncture'" and claims to be "simply preserving his position as he is authorized to do" by "summariz[ing] the error in the Court's faulty logic with respect to the TVFA." *Id*. at 3, n. 5.

It is Caballero's logic that is faulty in claiming that his default judgment against the FARC renders this a post-judgment collection proceeding as to third parties who were not on notice of that judgment or given a chance to defend themselves, such that they should now be precluded from defending against his agency and instrumentality allegations. As this Court has ruled, in denying Caballero's Motion for Summary Judgment on that basis, "at the agency and instrumentality stage of the litigation, where the Interested Parties are merely defending against their designation as agencies or instrumentalities of FARC, this is not a postjudgment *execution* proceeding as to the Interested Parties." ECF No. 329 at 9-10 (emphasis in original). Given this Court's clear ruling that the TVFA is inapplicable at this juncture, it cannot be the basis to preclude the Interested Parties from seeking leave to present the remote trial testimony of Gorrin and Perdomo. And since the TVFA is Caballero's *only* basis for claiming that Perdomo, who has never been indicted, is a "fugitive" and that Gorrin and Perdomo's "fugitive" status operates to prevent the unindicted Interested Party Entities from presenting their remote testimony as corporate representatives, those arguments should be rejected.[3]

---

IPs … to appear remotely for their deposition during *discovery* –to argue that the IPs should be allowed to appear remotely for purposes of *trial*." Cross-Motion Resp. at 2-3. The use of brackets conveyed the Interested Parties' argument that the same logic applied, and Caballero understood it as such. Therefore, Caballero's accusation is baseless.

[3] Caballero inexplicably claims that the Interested Parties "do not contest the TVFA's applicability to 'any entity that is owned or controlled by a person to whom' the law applies." Cross-Motion Resp. at 4. However, the Interested Parties have always contested the applicability of the TVFA to this matter *in its entirety*. The Interested Parties' position has been clear from their numerous filings in opposition to Caballero's multiple attempts to have the TVFA apply here. *See* ECF Nos. 302, 333, and 334.

Turning to Federal Rule of Civil Procedure 43(a), Caballero essentially argues that no alleged fugitive and no OFAC-blocked person can ever satisfy the "good cause" standard. That is simply not the case.

First, the two non-binding bankruptcy cases from other districts upon which Caballero relies are entirely distinguishable. In *Emanuel*, a "disbarred attorney" with a "24-year history of sanctions"[4] sought to recover legal fees against a prior client after being held in contempt for refusing to provide that client with his case files. *In re Emanuel*, 406 B.R. 634, 635 (Bankr. S.D.N.Y. 2009). The disbarred attorney requested to appear remotely at the evidentiary hearing to determine his claim for legal fees or, alternatively, immunity from imprisonment during his in-person testimony. *Id*. The court noted that the attorney was prepared to render in-person testimony if granted immunity from arrest, thus "[t]he *only* justification" offered for his inability to appear in person was his "fear of arrest," which the court deemed "neither good cause nor compelling." *Id*. (emphasis added). Here, Gorrin and Perdomo are not seeking to testify remotely to *assert a claim*, but rather to *defend* against Caballero's claims. Perdomo is not indicted and, consequently, has no fear of arrest. He is *unable* travel to this District because he is OFAC-blocked from doing so. And Gorrin is likewise *unable* to travel to this district for his testimony *regardless* of any fear of arrest.

The *Henson* case is not "another example … of [a] court refusing to allow a fugitive to appear remotely in the civil context" as Caballero claims. That was not even an issue before the court, which was deciding a motion to dismiss. The court mentioned in passing that the bankruptcy debtor had moved to Canada shortly before being sentenced on criminal charges, and that the debtor had sought leave to appear remotely at trial because he could not leave Canada while his refugee petition was pending. *Id*. at 743. This was merely *one factor* considered by the Court in determining to convert the case from a Chapter 13 to a Chapter 7 bankruptcy in lieu of a dismissal. *Id*. 754. There was no discussion whatsoever of Fed. R. Civ. P. 43(a), or whether fugitivity or fear of arrest are good cause for remote testimony. Thus, these cases are very far from being "directly on point" as Caballero claims.

---

[4] The sanctions were due to the attorneys' "perverse and persistent refusal to accept adverse rulings, reflective of an utter contempt for the judicial system, and his consistent, reprehensible, unprofessional behavior, which has included screaming at, threatening and disparaging judges, adversaries and experts, intentionally defying court rulings, and disrupting and thwarting proper legal process through both physical and verbal aggression[.]" *Emanuel*, 406 B.R. at 635.

3

In an attempt to rebut this Court's finding of good cause to allow remote deposition testimony "given Gorrin and Perdomo's OFAC designations," (ECF No. 253 at 3), Caballero argues that their blocked status is "self-created" and unilaterally imposes a requirement that Gorrin and Perdomo must have "attempted to cure" their blocked status before seeking to testify remotely. As an initial matter, Gorrin and Perdomo dispute the allegations in OFAC's designation, such that they dispute the designation as being "self-created." Any designation by OFAC is entirely at OFAC's discretion and Gorrin and Perdomo had no part in it. Moreover, OFAC has not prohibited Gorrin and Perdomo from testifying or providing evidence in any case. Instead, they are blocked from transacting business and entering the United States, which is the only aspect of OFAC's designation relevant to the issue here.

Rather than explain how the complete inability to enter the United States due to an affirmative blocking does not amount to "good cause," Caballero deflects to blaming Gorrin and Perdomo for being blocked.[5] In doing so, Caballero is improperly creating a non-existent punitive objective to Fed. R. Civ. P. 43 by implicitly asking this Court to accept the truth of OFAC's accusations and to use OFAC's designation as a suppression device.[6] But the "good cause" standard set forth in the Rule is not intended to punish litigants, but rather to determine whether there exists "good cause in compelling circumstances" due to an inability to enter the United States, and "appropriate safeguards" to allow remote testimony. As this Court has already ruled with respect to remote deposition testimony, good cause exists.

And Caballero does not dispute that appropriate safeguards can be implemented to ensure accurate and reliable trial testimony. Instead, he deflects by again improperly creating a non-existent punitive objective to the Rule. *See* Cross-Motion Resp. at 8 ("If this Court already knows

---

[5] While Caballero argues that Gorrin can travel to the United States to surrender in the criminal case in which he is indicted, Caballero does not explain how that would facilitate Gorrin's in-person testimony at the trial in this case. In fact, when faced with case law cited by the Interested Parties holding that "good cause" for remote testimony existed for incarcerated persons, Caballero avoids the issue altogether by claiming it is merely a "hypothetical scenario this Court need not consider." Cross-Motion Resp. at 7. It is Caballero who has placed this "hypothetical scenario" at issue by arguing that Gorrin can travel to the United States to turn himself in, thus prompting the Interested Parties' response that doing so may lead the Court back to the "good cause" analysis, which has been deemed satisfied in the case of incarceration.

[6] Notably, Caballero uses the OFAC designation as a basis to assert his agency or instrumentality claims, while at the same time seeking to prevent Gorrin and Perdomo from defending themselves at trial under the same OFAC designation.

4

that somebody is an arsonist, why give them a match?"). Again, the purpose of the "appropriate safeguards" standard is not to punish, but rather to ensure accurate identification of the witness, protect against influence from persons present with the witness, and ensure accurate transmission. *Clowdus v. Am. Airlines, Inc.*, 2022 WL 6497311, at *3 (S.D. Fla. Sept. 21, 2022). The Interested Parties have cited to numerous cases nationwide holding that the videoconference platform Zoom satisfies this standard due to its near instantaneous transmission with no discernible difference from in-person testimony. ECF No. 353 at 6. And as Magistrate Judge Becerra stated with respect to Gorrin and Perdomo's remote depositions, "there is hardly an argument that could be made that any prejudice to Plaintiff outweighs the Interested Parties' right to defend the action." ECF No. 257 at 7.

Therefore, for the reasons set forth above and in the Interested Parties' Cross-Motion to Permit Remote Trial Testimony by Gorrin and Perdomo, (ECF No. 353), Gorrin and Perdomo should be permitted to testify remotely at trial in their individual capacities and as representatives for the Interested Party Entities.

Respectfully submitted,

*/s/Lisandra Guerrero*
Howard Srebnick (FL Bar No. 919063)
Lisandra Guerrero (FL Bar No. 98521)
**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421
E-mail: HSrebnick@RoyBlack.com
LGuerrero@RoyBlack.com

*Counsel for the Interested Parties*