UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTONIO CABALLERO,<br>Plaintiff,<br><br>v.<br><br>FUERZAS ARMADAS<br>REVOLUCIONARIAS DE COLOMBIA,<br>and THE NORTH DE VALLE CARTEL,<br>Defendants. | :<br>:<br>:<br>: Case No.: 1:18-CV-25337-KMM<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF
MOTION OF LEONARDO GONZÁLEZ DELLÁN
FOR RELIEF FROM PRIOR JUDGMENTS**

Leonardo González Dellán ("González"), by undersigned counsel, presents this memorandum in support of his motion pursuant to Rule 60(b)(5) and (6) for relief from an Order granting Plaintiff's Motion for TRIA Judgment entered by the Court on August 24, 2021 (ECF No. 114) and Final Judgment in Garnishment dated August 25, 2021 (ECF No. 115). Because enforcement of the prior judgments is no longer equitable or fair, Gonzalez should be relieved from the prior judgments.

The Court's Order of August 21, 2023, addressed the same facts and law identical to those brought by the same Plaintiff against González. Yet in the 2023 decision, the Court found that the Plaintiff's facts cannot as a matter of law establish an agency or instrumentality connection to the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), as required under the Anti-Terrorism Act ("ATA") and the Terrorism Risk Insurance Act ("TRIA"). Just as with Raul Gorrin ("Gorrin") and Gustavo Perdomo ("Perdomo"), the Plaintiff's proof against González was "too far removed" and supported only by "speculative multi-link chains, as well as inferences" to connect González and the FARC. ECF No. 365 at 9, 22 (hereafter "August 21, 2023 Order").

González should be treated the same as Gorrin and Perdomo and should be relieved from the Order granting Plaintiff's Motion for TRIA Judgment of August 24, 2021 and Final Judgment in Garnishment of August 25, 2021 obtained by the same Plaintiff.

## I. BACKGROUND

On August 24, 2021, the Court entered an Order on Motion for TRIA Turnover Judgment (ECF No. 114) against González.  A day later, the Court entered a Final Judgment in Garnishment (ECF No. 115).  These judgments addressed the Plaintiff's claim of a relationship between González, a Venezuelan businessperson, and the FARC such that González should be considered an "indirect" agency or instrumentality of the FARC and thus liable to Plaintiff under the ATA and TRIA for a 1999 murder in Colombia.

González had objected to Plaintiff's proof and asserted that Plaintiff had failed to show that González had any connection to the FARC, took any action to aid or assist the FARC or had any knowledge, notice or awareness that his activities would aid or assist the FARC.  ECF No. 112 at 10-17.  For example, González argued that Plaintiff presented no direct or indirect connection from González to Maduro's family, much less an allegation that González had engaged in any activity aiding the FARC.  *Id*.

González further argued that the liability theory advanced by Cabellero's expert "would hold anyone who participated in Venezuela's currency exchange liable as an agency or instrumentality of the FARC, a result plainly never intended with the passage of the ATA and TRIA."  ECF No. 112 at 13.

González entered an appeal of the 2021 judgments but reached a conclusion of that appeal following participation in the Eleventh Circuit's mediation program.  ECF No. 136.

Since the Court's decision as to González, on August 21, 2023, the Court issued a decision in a factually and legally identical matter involving the same Plaintiff, Gorrin and Perdomo.  Just as had happened in Gonzelez's case, the Plaintiff argued that Gorrin and Perdomo materially assisted the FARC directly and indirectly through: (1) involvement in a "loan scheme"; (2) involvement in a "dollar shortage scheme"; (3) involvement in a "bond" scheme' and (4) general assistance including laundering money, paying bribes, and acting as an undefined "testaferro."  August 21, 2023 Order at 7.

The same Plaintiff had argued that González was involved in the second, third and fourth of these exact same schemes.[1]  In the August 21, 2023 Order, the Court rejected Plaintiff's case as a matter of law for failure to satisfy the standard set in *Stansell v. Revolutionary Armed Forces of Colombia* ("*Stansell II*"), 771 F.3d 713 (11th Cir. 2014), given "the attenuated link Plaintiff attempts to draw between the Interested Parties and the FARC, as well as the lack of evidence demonstrating any material assistance that the Interested Parties provided to the FARC."  August 21, 2023 Order at 22.

The Court found each of the alleged connections to be "too far removed" and supported only by "speculative multi-link chains, as well as inferences" to connect the Interested Parties and the FARC.  August 21, 2023 Order at 9 & 22 ("Plaintiff's daisy chain style of argument is as attenuated as the substance of his argument itself.").

---

[1] In the case against Gonzalez, Plaintiff presented an *ex parte* and under seal application that included a declaration of John Robert McBrien who said González was an agency or instrumentality of the FARC due to his involvement and activities in Venezuela regarding the Venezuela currency exchange program. (ECF No. 81-1 at ¶ 40).  In the case against Gorrin and Perdomo, Plaintiff filed more detailed expert reports from William Luther (ECF No. 287-1) and Robert Zachariasiewicz (ECF No. 288-1).  It is these reports that the court examined in the August 21, 2023 order and found "full of conclusory statements with little to no factual basis."  August 21, 2023 Order at 22,

The Court observed that while paying bribes and purchasing dollars from the Venezuelan government may have incidentally benefitted the FARC, Caballero failed "to allege that Gorrin provided any material assistance to the FARC." August 21, 2023 Order at 12. The Court aptly observed, "Plaintiff's multi-link argument vaguely connecting Gorrin's actions to the FARC fails to establish that Gorrin materially assisted the FARC." *Id*. Similarly, the Court found "no facts suggesting that the bonds purchased by Gorrin or Perdomo were different than any other bond sold by the Venezuelan government, or that any premium from the bond sale went to Chavez and/or the FARC." *Id*. at 14.

The Court found that Plaintiff provided "zero evidence as to how this money benefitted the FARC, let alone whether it materially benefitted the FARC. And, to take it a step further, Plaintiff makes no argument that these government bond purchases materially assisted FARC in its international narcotics trafficking activities," all as is required in the A/I definition the Eleventh Circuit applied in *Stansell v. Revolutionary Armed Forces of Colombia* ("*Stansell V*"), 45 F.4th 1340, 1357 (11th Cir. 2022). *See* August 21, 2023 Order at 17.

Just as González had earlier argued (ECF No. 112 at 13),[2] the Court further found that accepting Plaintiff's argument "would have sprawling consequences. It cannot be that simply purchasing a bond from the Venezuelan government supports a finding that the purchaser is an A/I of the FARC. ***Such a finding would potentially subject any person who bought a government bond to an A/I designation, making the person liable to pay for judgments against the FARC.***" August 21, 2023 Order at 17 ("Under such a theory,

---

[2] Gonzalez observed that Plaintiff's argument "would hold anyone who participated in Venezuela's currency exchange liable as an agency or instrumentality of the FARC, a result plainly never intended with the passage of the ATA and TRIA." ECF No. 112 at 13 (citations omitted).

- 4 -

Plaintiff may as well collect from anyone who did business with the Venezuelan government.").

In González's case, Plaintiff had cited gifts purchased by Gorrin for Cilia Adela Flores de Maduro to help Maduro maintain his illegitimate grip on power and thus aid the FARC (ECF No. 112 at 14). But in the August 21, 2023 Order, the Court rejected this position, stating that Plaintiff's provided no detail "as to the amount or type of gift that Gorrin gave to Cilia Flores, or how it materially assisted the FARC." August 21, 2023 Order at 20 ("Such bare allegations, without more, is insufficient to demonstrate that Gorrin is an A/I of Cilia Maduro, let alone an A/I of the FARC.").

On August 23, 2023, counsel for González requested that Plaintiff's counsel consent to the relief sought in this motion. Plaintiff's counsel did not respond.

On August 28, 2023, within a week of the August 21, 2023 Order, Gonzelez filed this motion for relief from the August 24, 2021 and August 25, 2021 judgments.

## II. ARGUMENT

Rule 60(b) provides that on motion and just terms, a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including that applying the judgment "prospectively is no longer equitable" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6). Such motions must be made within "a reasonable time" after the entry of the judgment but are not subject to the jurisdictional one-year period that applies to other grounds under Rule 60(b). Fed. R. Civ. P. 60(c)(1).

In determining whether extraordinary circumstances are present, a court may consider a wide range of factors including, in an appropriate case, the risk of injustice to the parties and importance of consistency in the judicial process. *Buck v. Davis*, 580 U. S. 100,

128 (2017).  While there is an importance in preserving the finality of judgments, the "whole purpose" of Rule 60(b) "is to make an exception to finality."  *Gonzalez v. Crosby*, 545 U. S. 524, 528-29 (2005).

Here, González is not seeking to relitigate his case, raise new facts or revisit arguments already decided.  Rather, González is seeking relief necessary to accomplish the justice of similarly situated parties being treated coequally by the Court.  *Gonzalez*, 545 U.S. at 535.  The August 21, 2023 Order was not an event contemplated by González, but this event now renders enforcement of the prior August 24, 2021 or August 25, 2021 judgments to be inequitable.  In sum, enforcing the prior judgments against González would result in parties in the same exact factual situation and same case being treated inconsistently by the same court.

Here, the support that the same Plaintiff presented to obtain judgments against González is identical to that presented against Gorrin and Perdomo in this same case.  The Court found in its August 21, 2023 Order that the Plaintiff's evidence could not as a matter of law satisfy the *Stansell II* standard given "the attenuated link Plaintiff attempts to draw between the Interested Parties and the FARC, as well as the lack of evidence demonstrating any material assistance that the Interested Parties provided to the FARC."  August 21, 2023 Order at 22.  Each of the alleged connections is "too far removed" and supported only by "speculative multi-link chains, as well as inferences" to connect Gorrin and Perdomo to the FARC.  *Id*. at 9 & 22 ("Plaintiff's daisy chain style of argument is as attenuated as the substance of his argument itself.").

If these facts failed to establish the Gorrin and Perdomo provided any material assistance to the FARC, the same conclusion must apply to the same factual allegations that were made by the same Plaintiff against González in this same case.

If Plaintiff's proof did not establish any "premium" that went from the Venezuelan bond sales for Gorrin or Perdomo, August 21, 2023 Order at 14, then the same answer must apply when considering the same bond sales for González. Any other result draws would cause inconsistency in the same case on the same facts between the parties and would not be a fair and equitable result. The Plaintiff provided "zero evidence as to how this money benefitted the FARC, let alone whether it materially benefitted the FARC" where Gorrin and Perdomo are involved, and so too it must be found where González was involved as no different fact was alleged in the Plaintiff's case against González.

Any other result would lead inevitably to the result that the Court warned of in the August 21, 2023 Order, "potentially subject any person who bought a government bond to an A/I designation, making the person liable to pay for judgments against the FARC." August 21, 2023 Order at 17 ("Under such a theory, Plaintiff may as well collect from anyone who did business with the Venezuelan government."). Unfortunately for González, the prior finding established such unbridled liability.

The prior judgments have had a real impact on González. He has had valuable real property in the Miami area seized and sold for Plaintiff's benefit. He has had bank accounts emptied for Plaintiff's benefit. He faced the prospect of the loss of the home for his child because of the Plaintiff's collection efforts. These efforts against González continued to even last week when Plaintiff was garnishing an account at Sunstate Bank (ECF No. 364).

Like Gorrin and Perdomo, González should not be subject to such consequences in a case as deeply flawed as that brought by the Plaintiff. The parties should all be treated in a similar and fair manner under these facts.

### III. RELIEF

Plaintiff should now segregate all property and proceeds of the sale of property for González and transfer proceeds to the lawyers for González to hold in trust for González until such time as the Office of Foreign Assets Control ("OFAC") provides a license for a transfer or delists González. If Plaintiff holds the title to any real property from González, the title should be conveyed to the lawyers for González. González should receive all further such relief as may be appropriate to put him into the same position as he was before entry of the August 24, 2021 and August 25, 2021 judgments.

## IV. CONCLUSION

For the reasons stated, González is entitled to relief pursuant to Rule 60(b)(5) and (6) for the Order granting Plaintiff's Motion for TRIA Judgment entered by the Court on August 24, 2021 (ECF No. 114) and Final Judgment in Garnishment dated August 25, 2021 (ECF No. 115).  The Court should direct the Plaintiff to return all property of González that has been collected pursuant to the prior judgments, and to provide such further relief as may be appropriate.

Dated:  August 28, 2023                          Respectfully submitted,

O'NEILL LAW GROUP, LLC


/s/ Robert E. O'Neill
Robert E. O'Neill
Florida Bar Number- 105155
O'Neill Law Group, LLC
1305 Jumana Loop
Apollo Beach, Fl 33572
Tel.:  305-205-8228
roneill@oneilllawgroup.com

Counsel for Leonardo González Dellán