UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO CABALLERO,
Plaintiff,

v.  Case No.: 1:18-CV-25337-KMM

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA,
and THE NORTH DE VALLE CARTEL,
Defendants.

REPLY OF LEONARDO GONZÁLEZ DELLÁN
TO PLAINTIFF'S OPPOSITION TO MOTION
FOR RELIEF FROM PRIOR JUDGMENTS

Leonardo González Dellán ("González"), by counsel, provides this reply to the brief in opposition filed by Plaintiff (ECF No. 381) to González's motion (ECF No. 373) for relief from an Order granting Plaintiff's Motion for TRIA Judgment entered by the Court on August 24, 2021 and Final Judgment in Garnishment dated August 25, 2021.

In reply, González states:

1. Plaintiff reprints a lengthy block quote from the Court's August 24, 2021 order rejecting González's argument that Plaintiff "fail[ed] to make an evidentiary linkage" between González and the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), yet Plaintiff says not one word in 68 pages of briefing on how his proof against González was any less "removed," "speculative," or "attenuated" than ***the same, identical proof*** offered against Raul Gorrin ("Gorrin") and Gustavo Perdomo ("Perdomo") and found by this Court to be "insufficient as a matter of law" to establish an agency or instrumentality connection to the FARC.  See ECF No. 365 at 22 (hereafter "August 21, 2023 Order").

2. Plaintiff similarly fails to explain how his proof against González cured this Court's finding that the same proof against Gorrin and Perdomo offered "zero evidence as

to how this money benefitted the FARC, let alone whether it materially benefitted the FARC." *See* August 21, 2023 Order at 17.

3. The August 21, 2023 Order finding Plaintiff's evidence to be "too far removed" and supported only by "speculative multi-link chains, as well as inferences," simply cannot be reconciled with the August 24, 2021 order rejecting González's argument that **the same evidence** "fail[ed] to make an evidentiary linkage" between González and the FARC.

4. Plaintiff appears to concede that González raised the same objections to the proof as were raised by Gorrin and Perdomo. ECF No. 381 at 14 & n.12. This concession is not surprising, given that González and the Court's August 21, 2023 Order cite the same defects and even the same case law to support the position that Plaintiff's claims were insufficient as a matter of law. *Compare*, *e.g.*, ECF No. 112 at 5-6 *with* August 21, 2023 Order at 10 (both citing *Ungar v. Palestinian Authority*, 304 F. Supp. 2d 232, 241 (D.R.I. 2004)).

5. Plaintiff instead rests on the fact that the Court entered a final judgment and that González "unequivocally agreed" during the pendency of his Eleventh Circuit appeal to accept the judgment. Yet the "whole purpose" of Rule 60(b) is to make an exception to such finality in extraordinary cases. *Gonzalez v. Crosby*, 545 U. S. 524, 528-29 (2005).

6. Citing *Ackerman v. United States*, 340 U.S. 193, 195 (1950), Plaintiff claims that the "extraordinary" showing required under Rule 60(b)(6) cannot be made where a party elects not to file an appeal but a favorable ruling in a companion case later makes the decision appear in hindsight to be mistaken.

7. This case, however, is unlike *Ackerman*, where the Supreme Court addressed situations among related parties that "bore only the ***slightest resemblance*** to each other." *Ackerman*, 340 U.S. at 202 (emphasis added). Here, the facts between the cases of González

- 2 -

and those of Gorrin and Perdomo are ***identical*** in every aspect—a point not disputed in Plaintiff's briefing.

8. Further, unlike in *Ackerman*, González appealed the Court's earlier decision to the Eleventh Circuit. The present motion is not necessitated because González failed to take some earlier litigation step, but rather by the fact that this Court has issued a decision in the same case analyzing the same facts but finding that such facts cannot support a judgment as a matter of law. *See* August 21, 2023 Order at 22. This is not a factual situation apt to repeat with any regularity.

9. Relief under Rule 60(b) is not limited to cases involving "life or death," as Plaintiff suggests. ECF No. 381 at 16. As the Supreme Court said in *Liljeberg v. Health Services Acquisition Corp.*, a case about a dispute over property where a hospital was to be built, Rule 60(b)(6) is intended to remedy the risk of injustice to parties in the same case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. 486 U.S. 847, 864 (1988). A Court "must continuously bear in mind that, 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Id.* (citation omitted).

10. It is not equitable or just for a set of facts to result in a judgment against González where the same set of facts is found as a matter of law to be insufficient to warrant relief against two other parties in the same case.

11. A just and fair result here requires that parties in the same case with the same factual situation be treated in the same manner. Plaintiff's claim is not sufficient as a matter of law against Gorrin and Perdomo. So Plaintiff's claim also should not have been sufficient as a matter of law against González.

12. Plaintiff's claim that González is a fugitive and thus barred by Florida's Terrorism Victim Fugitive Disentitlement Act ("TVFA") from utilizing this Court's resources in a post-judgment proceeding is wrong.

13. González is not a fugitive under Section 772.13(6)(a)(2). There are no known criminal charges against González in the United States. González has not been summoned to appear for any criminal or civil court date in the United States, so he has never declined to enter or reenter the United States for such an appearance. If he is properly summoned, González can apply for a license from OFAC to defend himself in court in the United States.

14. Moreover, this Court has rejected Plaintiff's reading of the TVFA in numerous orders. *See* ECF No. 329 & 378. Nothing about Plaintiff's rehash of these arguments here should result in a different finding.

For all of these reasons, González is entitled to relief pursuant to Rule 60(b)(5) and (6) for the Order granting Plaintiff's Motion for TRIA Judgment entered by the Court on August 24, 2021 and Final Judgment in Garnishment dated August 25, 2021. The Court should direct the Plaintiff to return all property of González that has been collected pursuant to the prior judgments, and to provide such further relief as may be appropriate.

Dated: September 12, 2023                Respectfully submitted,

                                                                              O'NEILL LAW GROUP, LLC

                                                                              /s/ Robert E. O'Neill
                                                                              Robert E. O'Neill
                                                                              Florida Bar Number- 105155
                                                                              O'Neill Law Group, LLC
                                                                              1305 Jumana Loop
                                                                              Apollo Beach, Fl 33572
                                                                              Tel.: 305-205-8228
                                                                              roneill@oneilllawgroup.com

                                                                              Counsel for Leonardo González Dellán

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2023, I caused the filing of foregoing document with the Clerk of Court and all counsel of record by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert E. O'Neill
Robert E. O'Neill
