# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

     Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

     Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon Leonardo González Dellán's ("González") Motion for Relief from Prior Judgments. ("Mot.") (ECF No. 373). Plaintiff Antonio Caballero ("Plaintiff") filed a Response in Opposition to the Motion. ("Resp.") (ECF No. 381). González filed a Reply to Plaintiff's Opposition. ("Reply") (ECF No. 382). The Motion is now ripe for review. For the following reasons, the Court DENIES the Motion for Relief from Prior Judgments.

## I.     BACKGROUND

The Court assumes the Parties' familiarity with the background in this matter and recites the facts only insofar as they are necessary for this Order. This case arises out of an underlying action in which Plaintiff sued the Fuerzas Armadas Revolucionarias de Colombia ("FARC") pursuant to 18 U.S.C. § 2333, part of the Anti-Terrorism Act (ATA) (the "Underlying Action"). *See* (ECF No. 1 ¶ 1). On May 20, 2020, the Court entered final default judgment against the FARC in the Underlying Action. *See* (ECF No. 63). The Court awarded Plaintiff $135,000,000 in non-economic damages, and $5,189,001 in economic damages, plus interest. *Id.*

### a. The Court Found that González is an Agency or Instrumentality of the FARC

On January 28, 2021, the Court granted Plaintiff's *ex parte* Motion (ECF No. 90) seeking clarification from the Court that González, a Venezuelan businessperson, is an agency or instrumentality ("A/I") of the FARC pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107–297, § 201(a), 116 Stat. 2322, 2337. (ECF No. 91). In doing so, the Court directed the Clerk of Court "to issue such further writs in aid of execution as warranted." *Id.* at 7. On March 2, 2021, Plaintiff filed a Motion for TRIA Turnover Judgment. (ECF No. 99). Therein, pursuant to Plaintiff's judgment against the FARC and the Court's finding that González is an A/I of the FARC, Plaintiff requested entry of a turnover judgment against González's blocked assets held by Sunstate Bank. *See generally id.*

On August 24, 2021, the Court entered an Order granting Plaintiff's Motion for TRIA Turnover Judgment. *See generally* ("TRIA Order") (ECF No. 114). Therein, the Court ordered that González's assets are blocked assets under the TRIA. *See id.* at 10. The Court also entered a Final Judgment in Garnishment in favor of Plaintiff and against Garnishee Sunstate Bank, allowing Plaintiff to recover from Sunstate Bank funds held in González's name. *See generally* ("Final Judgment in Garnishment") (ECF No. 115). González filed a Notice of Appeal on August 31, 2021. (ECF No. 116). On December 28, 2021, the appeal concluded upon González's Notice of Settlement following participation in the Eleventh Circuit's mediation program. (ECF No. 136). In the Notice of Settlement, González provided "irrevocable notice" that he would dismiss his pending appeal and take no further action regarding Sunstate's completed turnover of funds pursuant to the Final Judgment in Garnishment. *Id.* at 3.

### b. Subsequently, the Court Ruled that the Interested Parties Are Not Agencies or Instrumentalities of the FARC

After González dismissed his appeal, Plaintiff continued his collection efforts against other parties he alleged were A/Is of the FARC. On April 8, 2022, he similarly moved for an A/I determination against the Interested Parties.[1] *See generally* (ECF No. 150). However, unlike González, the Interested Parties continued litigating even after the Court found that they are A/Is of the FARC. *See* (ECF Nos. 151, 175). In their Motion to Vacate Order, the Interested Parties argued that due process required that they be given the opportunity to be heard on the A/I determination. *See generally* (ECF No. 175). Ultimately, on August 21, 2023, the Court entered an Order granting summary judgment to the Interested Parties. *See* ("SJ Order") (ECF No. 365). Therein, the Court found that Plaintiff failed to prove that the Interested Parties are A/Is of the FARC. *See generally id.* The Court entered Final Judgment in favor of the Interested Parties and set aside *nunc pro tunc* the sale of two properties. *See* (ECF No. 374).[2] Plaintiff appealed the Summary Judgment Order and the Amended Final Judgment to the Court of Appeals, where it is currently pending. *See* (ECF No. 380).

Now, pursuant to Rule 60(b)(5) and (6), González requests that the Court set aside earlier judgments against him in light of its subsequent Summary Judgment Order. *See generally* Mot.

### II. LEGAL STANDARD

"The Court may set aside an entry of default for good cause, and it may set aside final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Good cause" is "a liberal [standard]—

---

[1] The Interested Parties are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See* ECF No. 207 at 2 n. 1.

[2] The Final Judgment was later amended to order the delivery of a Quit Claim Deed for each property once Plaintiff has exhausted appellate review. *See* ("Amended Final Judgment") (ECF No. 379).

but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).   In evaluating good cause, courts consider whether the default was culpable or willful, the speed with which the defaulting party sought to correct the entry of default, and whether setting aside the default will prejudice the adversary.  *See SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons that justifies relief."  Fed. R. Civ. P. 60(b)(1)–(6).

## III.   DISCUSSION

### a.   Relief Is Not Warranted Under Rule 60(b)(5)

Rule 60(b)(5) authorizes discretionary relief from final judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  Fed. R. Civ. P. 60(b)(5).  González argues that the Summary Judgment Order renders enforcement of the prior TRIA Order and Final Judgment in Garnishment against him to be inequitable.  Mot. at 6.  According to González, if the Court's Summary Judgment Order concludes that Plaintiff failed to establish that Gorrin and Perdomo provided any material assistance to the FARC, the same conclusion must apply to the factual allegations that were made by Plaintiff

against González. *Id.* at 7. In response, Plaintiff argues that the Final Judgment in Garnishment against González is correct on the merits and given that Plaintiff is appealing the Summary Judgment Order, González's reliance on the Summary Judgment Order is inappropriate. Resp. at 8–12.

Here, the TRIA Judgment against González has not been released or discharged, nor was it based on an earlier judgment that has been reversed or vacated. Although courts have discretion to grant relief from a judgment when "applying it prospectively is no longer equitable," that provision does not apply to the monetary relief that is disputed in the instant Motion. "[R]ule 60(b)(5) applies only to judgments that have prospective effect as contrasted with those that offer a present remedy for a past wrong." *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1091 (11th Cir. 2015) (quoting *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980)). "[J]udgments operate 'prospectively' within the meaning of Rule 60(b)(5) if they "involve the supervision of changing conduct or conditions," with the "classic example" being that of a continuing injunction. *Id.* (quoting *Cook*, 618 F.2d at 1152). "[A] judgment for money damages . . . offers a present remedy for a past wrong as contrasted with any judgment that has an on-going or prospective effect such as an injunction." *McDonald v. Oliver*, 642 F.2d 169, 171 (5th Cir. 1981). Even where a money judgment is "prospective" in the general sense that it is unpaid, such a judgment "is nevertheless a final order and is not 'prospective' for purposes of Rule 60(b)(5)." *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, 2012 WL 5364263, at *6 (S.D. Fla. Sept. 10, 2012), report and recommendation adopted as modified, 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) (citing *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998)). Because the monetary relief entered against González is not prospective, he cannot obtain relief under Rule 60(b)(5).

### b.  Nor Is Relief Warranted Under Rule 60(b)(6)

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reasons that justifies relief."  Fed. R. Civ. P. 60(b)(6).  As the Eleventh Circuit has explained, "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'"  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)).  "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Even then, "whether to grant the requested relief is a matter for the district court's sound discretion."  *Toole v. Baxter Healthcare Corp.*, 235 F. 3d 1307, 1317 (11th Cir. 2000).

González fails to show any extraordinary circumstances rendering him eligible for the catchall provision of Rule 60(b)(6).  He argues that the judgments against him have had a "real impact" on his life:  his real property was seized and sold, and his bank accounts have been emptied.  Mot. at 7.  But he has not shown that absent relief a hardship, much less an "extreme" or "unexpected" one, would result.  Further, the Court notes that unlike the Interested Parties, González gave up the opportunity to continue litigating the issue of whether he is an A/I of the FARC when he voluntarily dismissed his appeal of the judgments against him.  "Rule 60(b)(6) does not reward a party that seeks to avoid the consequences of its own 'free, calculated, deliberate choices.'"  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1357 (11th Cir. 2014) (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).  Accordingly, González's motion to set aside the TRIA Judgment and Final Judgment in Garnishment against him under Rule 60(b)(6) is denied.

## IV.     CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion for Relief from Prior Judgments (ECF No. 373) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _15th_ day of November, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record