UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, et al.,

    Defendants.
_____/

**PLANET 2 REACHING, INC.'S MOTION FOR SALE OF
PROPERTY LOCATED AT 7043 FISHER ISLAND DRIVE, UNIT 7043
IN MIAMI BEACH, FLORIDA TO SATISFY ALL APPLICABLE LIENS
AND DEPOSIT SURPLUS PROCEEDS IN THE COURT REGISTRY**

    Interested Party Planet 2 Reaching, Inc. (Planet 2 Reaching), moves for leave to conduct a sale of the Fisher Island Property (7043 Fisher Island Drive, Unit 7043, Miami Beach, FL) to preserve the status quo pending appeal – without any prejudice to Caballero's appeal – and to halt the ongoing incurrence of fees and interest and avoid a foreclosure sale that will likely result in proceeds far less than the property's market value.  This request is in compliance with the intent and purpose of this Court's Summary Judgment Order finding that Caballero had failed, as a matter of law, to establish that any of the Interested Parties are FARC A/Is, (ECF No. 365), and of this Court's Amended Final Judgment preserving the status quo during the pendency of Caballero's appeal. Aiming to preserve the value of the Fisher Island Property, Planet 2 Reaching requests permission to sell the Fisher Island Property in a commercial sale, paying appropriate expenses from the proceeds of the sale, and putting the surplus proceeds in the Court registry or an OFAC-

authorized account (in accordance with the attached OFAC license) pending completion of this litigation.

## PROCEDURAL BACKGROUND

Caballero commenced the instant action against the Interested Parties, including Planet 2 Reaching, on April 8, 2022, by filing a sealed *Ex Parte* Expedited Motion for Agency or Instrumentality Determination. ECF No. 150. Caballero then obtained a sealed Writ of Execution for the residential condominium unit located at 7043 Fisher Island Drive, Unit 7043, Miami Beach, Florida 33109 (the "Fisher Island Property"), which was owned by Interested-Party Planet 2 Reaching . ECF Nos. 155, 156.

Without notice to Planet 2 Reaching or its counsel, on November 8, 2022, the Fisher Island Property was sold by the United States Marshals Service at a Marshals sale. ECF No. 184 at 1. Specifically, an entity created by Caballero and his counsel "purchased the Fisher Island Property with a $10 million credit bid from his judgment[,]" ECF Nos. 202 at 12 ("R&R"), 214 (Order), which Caballero proposed to resell almost immediately for as much as $34 million. ECF No. 192-1 at 2 (Nov. 30, 2022) (#1, Plaintiff listing value of Fisher Island Property at $34,059,784.93).

On November 28, 2022, the Interested Parties filed an emergency motion seeking injunctive relief against Caballero's execution efforts as to all of their real properties, including the Fisher Island Property. ECF No. 187. In opposing the motion, Caballero pointed to liens upon the Fisher Island Property for past due property taxes and association fees, and argued that he "desperately need[ed] to fend off lienholders," arguing that he would suffer irreparable harm if he could not "immediately place the Fisher Island Property on the market and sell it promptly[.]" ECF No. 192 at 4, 9. A hearing was held on December 2, 2022, before Magistrate Judge Becerra, (ECF No. 197), in which Caballero reiterated that he would suffer irreparable harm if a restraining order

2

issued "because his interest in the property will be held 'hostage,' while one of the lienholders may force a tax deed sale leaving Plaintiff with less than the value he obtained from his judgment." ECF No. 202 ("R&R"). In her Report to this Court, Magistrate Judge Becerra noted that Caballero "ha[d] made multiple representations to the Court that he intends to sell the property in short order." *Id*. at 41.

On December 10, 2022, Magistrate Judge Becerra recommended that the injunctive relief requested by the Interested Parties be granted. ECF No. 202. On January 15, 2023, this Court adopted the R&R and ordered that: (i) Caballero, "his entities, and agents are hereby RESTRAINED from dissipating, conveying, encumbering, or otherwise transferring ownership of the Fisher Island and Collins Avenue properties as described in the R&R[;]" and (ii) "[a]ll further and sales of the levied properties of the Interested Parties are hereby STAYED pending an adjudication of the Motion to Vacate." ECF No. 214.

Meanwhile, a foreclosure proceeding had been initiated in Florida state court by the Palazzo Del Sol/Della Luna at Fisher Island Condominium Association, Inc. (the "Association") against Planet 2 Reaching seeking to foreclose its claim of lien securing payment of unpaid assessments against the Fisher Island Property. *Palazzo del Sol/Della Luna at Fisher Island Condominium Association, Inc., v. Planet 2 Reaching, Inc., et al.*, No. 22-004165-CA (Fla. 11th Cir. Ct. Miami-Dade Cnty.) (the "Fisher Island Foreclosure Proceeding"). As of March 3, 2022, the Association recorded a Claim of Lien against the Fisher Island Property for the amount of $580,994.82, representing assessments, late fees, and interest due from December 1, 2018 through January 6, 2022. These assessments continue to accrue with an interest rate of eighteen percent per year. Despite claiming to be the current title holder of the Fisher Island Property for over one year

(since November 8, 2022) based upon the marshal sale, Caballero has not paid any tax assessments or association fees, and Caballero has expressed no intention of doing so.

On July 10, 2022, the Association filed a Motion for Final Summary Judgment against Planet 2 Reaching in the Fisher Island Foreclosure Proceeding in order to foreclose its claim of lien against the Fisher Island Property and to conduct a judicial sale to satisfy the amounts due and payable to the Association. ECF No. 347-1. As of October 30, 2023, the Association claims it is owed $1,307,704.98 pursuant to its Claim of Lien. Subsequent to the Court's injunction against resale of the Property, Caballero filed a Motion to Dissolve the Court's Preliminary Injunction citing the pending Fisher Island Foreclosure Proceeding, (ECF No. 326 at 6), and later moved to expedite a ruling on his Motion to Dissolve given that the Association had filed a Motion for Summary Judgment in the Fisher Island Foreclosure Proceeding (ECF No. 347). Further, on August 15, 2023, Caballero advised the Court that a hearing on the Association's Motion for Summary Judgment had been scheduled for October 19, 2023 (later continued to November 20, 2023). ECF No. 363. Caballero argued that a foreclosure sale of the Fisher Island Property would likely be for "under-market value" while a sale on the open market could result in "a potential multi-million-dollar difference." ECF No. 347 at 2.

In fact, in a chart submitted by Caballero on November 30, 2022, he represented to this Court that the Fisher Island Property, which he purchased with a credit bid of only $10 million, could fetch as much as $34 million in the open market. ECF No. 192-1 at 2. Caballero recognized that he had purchased the Property at the United States Marshals sale for millions less than its true value and was afraid that a foreclosure sale by the Condominium Association would not yield a sale at fair market value. ECF No. 347, at 2 ("a potential multi-million-dollar difference" from its actual worth). ECF No. 347 at 2.

4

On August 21, 2023, this Court granted the Interested Parties' Motion for Summary Judgment, holding that Caballero's "claims fail as a matter of law" because Caballero had "fail[ed] to establish that Gorrin and Perdomo are FARC A/Is" and "fail[ed] to demonstrate that the [Interested Party] Entities are FARC A/Is." ECF No. 365 at 21-22 ("Summary Judgment Order").

The Court then issued a Final Judgment dismissing Caballero's claims against the Interested Parties with prejudice. ECF No. 374. With respect to the Fisher Island Property, the Final Judgment set aside the November 8, 2022, United States Marshals Sale *nunc pro tunc*, declared the United States Marshals Deed issued as a result of the sale void *ab initio*, and ordered Caballero and his counsel to execute and deliver a Quit Claim Deed for the Fisher Island Property to Planet 2 Reaching. ECF No. 374. In addition, the Court denied Caballero's Emergency Motion to Stay the Court's Order on the Interested Parties' Motion for Summary Judgment and Final Judgment pending his appeal, (ECF No. 376). ECF No. 378.

Subsequently, this Court issued an Amended Judgment. ECR 379. In that judgment, this Court stated, "in consideration of [Caballero's Motion], the Court [issued] an Amended Final Judgment postponing any transfer of the subject properties during the pendency of Plaintiff's appeal of that Judgment." ECF No. 378 at 1. The Amended Final Judgment deferred the effective date of the transfer of the Fisher Island Property and the execution of a Quit Claim Deed by Caballero in Planet 2 Reaching's favor "during the pendency of Plaintiff's appeal of the Court's Order." ECF No. 379 at ¶ 2. Under the Amended Final Judgment, however, this "Court retains jurisdiction to enforce the terms of this Amended Final Judgment and issue additional and supplemental orders and take any further action to carry out the intent and purpose of this Amended Final Judgment." *Id*. at ¶ 6.

Caballero appealed the summary judgment ruling, the final judgment, and the amended final judgment. ECF Nos. 367, 375, 380. If this Court's Summary Judgment Order and Final Judgment are affirmed, the United States Marshals sale of the Fisher Island Property will be set aside *nunc pro tunc*, the deed to Caballero will be void *ab initio*, and the Fisher Island Property will be deeded back to Planet 2 Reaching *nunc pro tunc*. ECF No. 379.

Meanwhile, a hearing on the Association's Motion for Summary Judgment was scheduled for November 20, 2023, which could have resulted in a judgment against Planet 2 Reaching and a judicial sale of the Fisher Island Property. Accordingly, Planet 2 Reaching entered into a stipulation with the Association to delay entry of final judgment against Planet 2 Reaching and avoid a judicial sale of the Fisher Island Property to allow Planet 2 Reaching to seek leave from this Court for a sale of the Fisher Island Property in the open market, and, if sold, to disburse to the Association the amounts owed pursuant to its Claim of Lien, in order to preserve the status quo pending appeal without prejudice to Caballero's appeal. The proposed sale on the open market would generate a higher price than a forced, judicial sale and thus not prejudice any party to this action. *See* ECF No. 347 at 2 (Per Caballero, it could result in "a potential multi-million-dollar difference.").

## **ARGUMENT**

This Court has jurisdiction to permit the sale of the Fisher Island Property to preserve the status quo pending appeal. The filing of an appeal "divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal," but not over "collateral matters not affecting the questions presented on appeal." *United States Sec. & Exch. Comm'n v. MCC Int'l Corp.*, 2023 WL 7411553, at *1 (S.D. Fla. Oct. 2, 2023) (quoting *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001), *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771,

773 (11th Cir. 1999), and *Henry v. Okeechobee Cnty. Sheriff's Off.*, 2023 WL 239817, at *3 (11th Cir. Jan. 18, 2023)).

Here, Caballero raises ten issues on appeal, none of which would be affected by a ruling by this Court preserving the value of the Property. *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et. Al.*, Case No. 23-12719 (11th Cir. Sep. 1, 2023, ECF No. 9 at 4-7) (Civil Appeal Statement). Permitting the sale of the Fisher Island Property to preserve the status quo, under the proposed terms – "allowing the sale of the Subject Property and directing surplus proceeds to be deposited in [the Court registry or an OFAC-authorized account] – is a collateral matter that will not impact any of the questions [Caballero] raises on appeal." *United States Sec. & Exch. Comm'n v. MCC Int'l Corp.*, Case No. 2:22-cv-14129-KMM (S.D. Fla. Apr. 16, 2023, ECF No. 125 at 3). And this sale to preserve the status quo "does not prevent [Caballero] from litigating any claim to the surplus funds, after those funds are deposited into" the Court registry or an OFAC-authorized account. *Id*. at 3.

Moreover, this Court retained jurisdiction under the Final Judgment and the Amended Final Judgment "to enforce the terms of [the] Amended Final Judgment and issue additional and supplemental orders to carry out its intent and purpose. ECF No. 379 at ¶ 2; ECF 374 ¶5.  The intent and purpose of the Final Judgments was to preserve the status quo pending Caballero's appeal of this Court's Summary Judgment Order. To allow interest to continue to accrue at a rate of 18% during the pendency of the appeal or to allow a foreclosure sale of the Fisher Island Property would not maintain the status quo since, according to Caballero, such a sale could result in "a potential multi-million-dollar difference" from its actual worth. ECF No. 347 at 2. Further, this Court entered final summary judgment in Planet 2 Reaching's favor, finding that Caballero has failed to establish his claim, as a matter of law, that any of the Interested Parties are FARC

7

A/Is. ECF No. 365. It would be contrary to this Court's Summary Judgment Order rejecting Caballero's claim on the merits to allow the Fisher Island Property to continue to be dissipated and to be foreclosed upon. Conversely, allowing the sale proposed by Planet 2 Reaching to preserve the status quo would carry out its intent and purpose of this Court's Summary Judgment Order and Amended Final Judgment by preserving the status quo since such a sale would halt the imposition of further fees and compounding interest, and would likely generate proceeds closer to the Properties' market value with any surplus funds preserved in the Court registry or an OFAC-authorized account during the pendency of the appeal.

Not only would a sale to preserve the status quo comply with the intent and purpose of this Court's Summary Judgment Order and Amended Final Judgment, but also with the intent and purpose of the Treasury Department's Office of Foreign Assets Control ("OFAC") when it issued a specific license to Ed Wilson authorizing him to engage in "transactions ordinarily incident and necessary to sell the Properties" and to "recover for itself, and/or reimburse third parties, for the proceeds of the sale of any of the Properties, any taxes, costs, or legal, administrative or other fees that are necessary and incident to the sale of any of the Properties, and place the remainder in a blocked account[.] ECF No. 290-5 at 2 (License No. Venezuela-EO13850-2019-359725-1); *See* ECF No. 290-1 at ¶ 14 (Declaration of Ed Wilson) ("The purpose of a specific license is to put the assets in good order in order to maximize OFAC's economic leverage with designated non-U.S. persons and entities under IEEPA. Depositing assets, income, and sales proceeds into blocked bank accounts is a common feature in specific licenses to increase the effectiveness of OFAC licenses in meeting declared U.S. policy and national security goals, and is for the benefit of OFAC."). The licensee, Ed Wilson, has agreed with the Association to the proposed disposition of the Fisher Island Property by sale and to the use of the proceeds in the manner proposed to this Court.

A market sale pending appeal is likewise consistent with Plaintiff's preference, expressed throughout this litigation, to have the property sold rather than have its equity diminished by accruing interest and the potential of a forced, judicial sale.

Wherefore, Planet 2 Reaching respectfully requests an Order from this Court authorizing the sale of the Fisher Island Property under the following terms: Planet 2 Reaching shall (1) engage a Florida-licensed real estate broker to list the Fisher Island Property for sale for a period of six months at an asking price consistent with its current market value. Said broker will advertise the sale of the Fisher Island Property to the general public and list the Fisher Island Property on the Multiple Listing Service ("MLS"); (2) obtain confirmation of this Court before accepting and closing on any offer; (3) disburse to the Association, from the proceeds of the sale, the sum of $1,307,704.98, plus interest, attorneys' fees, late fees, other regular or special assessments, or other amounts which come due after November 30, 2023; (4) liquidate, from the proceeds of the sale, any other claims of liens imposed upon the Fisher Island Property; and (5) deposit the surplus funds from the proceeds of the sale in the Court Registry or an OFAC-authorized account as the Court directs, pending the outcome of Caballero's appeal to the Eleventh Circuit of this Court's Summary Judgment Order.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred with Plaintiff's counsel (Zumpano), who advised he objects to the relief sought herein.

Undersigned counsel provided a copy of this motion to counsel for the Association (Chapnick) who advised that the Association consents to this motion.

Respectfully submitted,

*/s/Lisandra Guerrero*
Howard Srebnick (FL Bar No. 919063)

>Lisandra Guerrero (FL Bar No. 98521)
>**BLACK SREBNICK**
>201 South Biscayne Boulevard, Suite 1300
>Miami, Florida 33131
>Tel. (305) 371-6421
>E-mail: HSrebnick@RoyBlack.com
>LGuerrero@RoyBlack.com
>
>*Counsel for Respondents*