# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

     Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

     Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon Interested Party Planet 2 Reaching, Inc.'s ("Planet 2 Reaching") Motion for Sale of Property. ("Mot.") (ECF No. 394). Plaintiff Antonio Caballero ("Plaintiff") filed a Response in Opposition to the Motion. ("Resp.") (ECF No. 398). Planet 2 Reaching filed a Reply in Support of its Motion. ("Reply") (ECF No. 402). The Motion is now ripe for review. For the following reasons, the Court GRANTS the Motion for Sale of Property.

## I.   BACKGROUND

The Court assumes the Parties' familiarity with the background in this matter and recites the facts only insofar as they are necessary for this Order. This case arises out of an underlying action in which Plaintiff sued the Fuerzas Armadas Revolucionarias de Colombia ("FARC") pursuant to 18 U.S.C. § 2333, part of the Anti-Terrorism Act (ATA) (the "Underlying Action"). *See* (ECF No. 1) ¶ 1. The district court in the Underlying Action entered final default judgment against the FARC. *See* (ECF No. 63). The district court awarded Plaintiff $135,000,000 in non-economic damages, and $5,189,001 in economic damages, plus interest. *Id.*

As part of Plaintiff's collection efforts, Plaintiff filed an *Ex Parte* Expedited Motion for Agency or Instrumentality Determination. ("A/I Motion") (ECF No. 150). Therein, Plaintiff argued that he could collect the final judgment from the Interested Parties[1] under the ATA and the Terrorism Risk Insurance Act (TRIA), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610). *See generally* (ECF No. 150). This Court granted the A/I Motion on April 25, 2022 (the "A/I Order") (ECF No. 151), finding that the individuals listed in Exhibit 1 of the A/I Motion and the Entities listed in Exhibit 2 of the A/I Motion—including the Interested Parties—were agencies or instrumentalities ("A/Is") of the FARC and the properties listed in Exhibit 3 of the A/I Motion were subject to attachment in satisfaction of the judgment. *See* A/I Order at 6.

Plaintiff then obtained a sealed writ of execution for 7043 Fisher Island Drive, Unit 7043, Miami Beach, Florida 33109 (the "Fisher Island Property"), which was owned by Planet 2 Reaching. (ECF No. 156). On November 8, 2022, the Fisher Island Property was sold by Plaintiff at a United States Marshals Service sale. (ECF No. 214) at 5. Plaintiff purchased the Fisher Island Property, valued at over $34 million, with a $10 million credit bid from his judgment. *Id.* The Interested Parties then filed a Motion to Vacate the A/I Order (ECF No. 175), arguing that due process required that they be given the opportunity to be heard on the A/I determination, as well as an emergency motion seeking injunctive relief against Plaintiff's execution efforts as to all their real properties, including the Fisher Island Property, (ECF No. 187). The Court granted the emergency motion in part, ordering that Plaintiff be restrained from transferring ownership of the Fisher Island Property and staying all sales of the levied properties of the Interested Parties pending a decision on the Motion to Vacate. (ECF No. 214).

---

[1] The Interested Parties are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See* (ECF No. 207) at 2 n. 1.

Ultimately, on August 21, 2023, the Court granted summary judgment to the Interested Parties upon finding that Plaintiff failed to prove that the Interested Parties are A/Is of the FARC. (ECF No. 365). The Court entered Final Judgment in favor of the Interested Parties and set aside *nunc pro tunc* the sale of two properties, including the Fisher Island Property. (ECF No. 374). The Final Judgment was later amended so that it does not require the transfer of the two properties or require the execution of Quit Claim Deeds until Plaintiff has exhausted appellate review. *See generally* ("Amended Final Judgment") (ECF No. 379). Plaintiff appealed the Summary Judgment Order and the Amended Final Judgment to the Court of Appeals, where it is currently pending. (ECF No. 380).

## II.    DISCUSSION

Now, Planet 2 Reaching requests permission to conduct a sale of the Fisher Island Property in a commercial sale, pay appropriate expenses from the proceeds of the sale, and put surplus proceeds in the Court's registry or an OFAC-authorized account pending completion of this litigation. *See generally* Mot. On April 4, 2024, the Court held a hearing on the Motion and ordered the Parties to submit a proposed order regarding how the Fisher Island Property could be marketed and sold if the Court grants the Motion. (ECF Nos. 406, 407). On April 5, 2024, the Court issued an order addressing only the issue of whether this Court has jurisdiction to permit the sale of the Fisher Island Property pending appeal. (ECF No. 408). Therein, the Court found that it has jurisdiction to rule on this Motion because permitting the sale of the Fisher Island Property is a collateral matter. *Id.* at 3.

Because the Parties could not agree on all aspects of how the Fisher Island Property may be sold, Plaintiff and Planet 2 Reaching have each submitted a proposed order detailing how they believe the sale should be conducted. *See generally* (ECF Nos. 409, 410). The Parties disagree

on the following issues:  (1) whether the sale must be for exactly fair market value when compared to other Fisher Island properties not subject to litigation; (2) whether Plaintiff shall be included in all decision-making aspects of the listing and sale; (3) whether the Parties shall obtain an appraisal prior to listing the Fisher Island Property for sale and before any purchase offers are received; and (4) whether the terms and conditions of the sale must be acceptable to both Parties before being presented to the Court for approval.  (ECF No. 409) at 1–2; (ECF No. 410) at 1.

The Court has reviewed both proposed orders and the nuances therein.  The purpose of allowing the sale of the Fisher Island Property is to prevent equity in the property from further dissipating.  Here, a sale of the Fisher Island Property serves to maintain the status quo and preserve the value of the property while this case remains pending on appeal.  Indeed, neither side benefits from the current circumstances, wherein the Fisher Island Property sits idly as the subject of two foreclosure proceedings and interest continues to accrue at a rate of eighteen percent per year.  *See* Mot. at 3.  Accordingly, the Court grants the Motion for Sale of Property.

### III.    CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion for Sale of Property (ECF No. 394) is GRANTED.  It is FURTHER ORDERED that:

1.   In accordance with the procedures set forth below and provided prior approval of this Court is obtained, the Fisher Island Property may be sold through a commercial/private sale to avoid foreclosure and maximize the return to the Parties pending Plaintiff's appeal to the Eleventh Circuit of this Court's Summary Judgment Order, Final Judgment, and Amended Final Judgment.  *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 23-12719 (11th Cir. Sept. 5, 2023);

4

2.  Plaintiff (through counsel) and Planet 2 Reaching, Inc. (through counsel and/or Mr. D. E. Wilson, Jr., to whom the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") has issued an active license governing the Fisher Island Property (License No. VENEZUELA-EO13850-2019-359725-7)) shall confer in good faith and select a qualified Florida-licensed real estate broker unrelated to any of the Parties or their counsel (the "Broker") on commercially reasonable terms, to list the Fisher Island Property for sale;

3.  The Broker shall be engaged by Planet 2 Reaching and shall be instructed to make diligent and continued efforts to sell the Fisher Island Property, including by advertising the sale of the Fisher Island Property to the general public, listing the Fisher Island Property on the Multiple Listing Service ("MLS"), and showing the Fisher Island Property to prospective buyers;

4.  Plaintiff and Planet 2 Reaching shall each immediately refer to the Broker all inquiries regarding the sale of the Fisher Island Property;

5.  Planet 2 Reaching (through counsel and/or Mr. Wilson) shall be authorized to negotiate any potential purchase offers by prospective buyers made on the Fisher Island Property, which purchase offers will not be deemed accepted or binding absent explicit Court approval;

6.  Any offer for purchase by a prospective buyer deemed acceptable to Planet 2 Reaching shall be presented to the Plaintiff in an effort to obtain mutual consent to the terms and conditions of the sale, including the purchase price.  In the event that the Parties agree to the terms and conditions of the sale, the Parties shall submit the terms and conditions of the sale for Court approval.  In the event that the Parties cannot agree on the terms and

conditions of the sale, such as the purchase price, Planet 2 Reaching shall present to the court the terms and conditions of the sale that it deems acceptable for Court approval and indicate Plaintiff's disagreement. The Court will consider each Party's evidence concerning the reasonableness of the terms and conditions of the sale, including any appraisals;

7. This Order contemplates that, if a sale is approved by the Court and consummated, upon the sale of the Fisher Island Property, the proceeds from the sale shall be distributed to satisfy any bona fide liens duly recorded against the Fisher Island Property, property taxes, and any other fees associated with the sale of the Fisher Island Property. Any remaining surplus proceeds from the sale of the Fisher Island Property shall be deposited into the Registry of the Court and held therein pending the Plaintiff's appeal to the Eleventh Circuit of this Court's Summary Judgment Order, Final Judgment, and Amended Final Judgment. *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 23-12719 (11th Cir. Sept. 5, 2023);

8. The Court retains jurisdiction to enforce the terms of this Order and issue additional and supplemental orders and take any further action to carry out the intent and purpose of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this _23rd_ day of April, 2024.


K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE


c: All counsel of record