# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendant.

_____/

## ORDER ON REPORT & RECOMMENDAITON

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge. ("R&R") (ECF No. 434). This matter was referred to Magistrate Judge Elfenbein, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding Interested Party Posh 8 Dynamic, Inc.'s ("Posh") Motion for Court Approval of Proposed Sale of Collins Avenue Property, ("Mot. 1") (ECF No. 424), and Interested Party Planet 2 Reaching, Inc.'s ("Planet 2") Motion for Court Approval of its Proposed Sale of Fisher Island Property. ("Mot. 2") (ECF No. 425). Magistrate Judge Elfenbein issued a R&R, recommending that both Motions for Court Approval of Proposed Sale be GRANTED. Plaintiff filed timely Objections to the R&R, ("Obj.") (ECF No. 435), and the Interested Parties filed a Joint-Response to Plaintiff's Objections. ("Resp.") (ECF No. 436). This matter is now ripe for review. As set forth below, this Court ADOPTS the R&R.

    **I.**    **BACKGROUND**

The Court assumes the Parties' familiarity with the background in this matter and recites the facts only insofar as they are necessary for this Order. This case arises out of an underlying

action in which Plaintiff sued the Fuerzas Armadas Revolucionarias de Colombia ("FARC") pursuant to 18 U.S.C. § 2333, part of the Anti-Terrorism Act (ATA) (the "Underlying Action"). *See* (ECF No. 1) ¶ 1. The district court in the Underlying Action entered final default judgment against the FARC and awarded Plaintiff $135,000,000 in non-economic damages and $5,189,001 in economic damages, plus interest. *See* (ECF No. 63).

As part of his collection efforts, Plaintiff obtained a sealed Writ of Execution for the residential condominium unit located at 18555 Collins Avenue, Unit 4411, Sunny Isles, Florida 33160 (the "Collins Avenue Property"), which was owned by Interested Party[1] Posh. (ECF Nos. 155, 156). On November 8, 2022, the Collins Avenue Property was sold by Plaintiff at a United States Marshals Service sale. (ECF No. 214) at 5. Plaintiff purchased the Collins Avenue Property, valued at over $14 million, with a $10,000 credit bid from his judgment. *Id.*

After extensive litigation, on August 21, 2023, the Court granted summary judgment to the Interested Parties upon finding that Plaintiff failed to prove that the Interested Parties are agencies or instrumentalities of the FARC. (ECF No. 365). The Court entered Final Judgment in favor of the Interested Parties and set aside *nunc pro tunc* the sale of two properties, known as the Fisher Island Property and the Collins Avenue Property. (ECF No. 374). The Final Judgment was later amended so that it does not require the transfer of the two properties or require the execution of Quit Claim Deeds until Plaintiff has exhausted appellate review. *See generally* ("Amended Final Judgment") (ECF No. 379). Plaintiff appealed the Summary Judgment Order and the Amended Final Judgment to the Court of Appeals, where it is currently pending. (ECF No. 380).

---

[1] The Interested Parties are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See* (ECF No. 207) at 2 n. 1.

On April 23, 2024, the Court granted Interested Party Planet 2's Motion for Sale of Property. *See generally* (ECF No. 411). Therein, the Court ruled that the Fisher Island Property may be sold through a commercial sale to avoid foreclosure and maximize the return to the Parties pending Plaintiff's appeal to the Eleventh Circuit of this Court's Summary Judgment Order, Final Judgment, and Amended Final Judgment. *See id.* at 4. On August 20, 2024, the Court granted Posh's Motion for Leave to Sell Property, finding that the "sale of the Collins Avenue [and Fisher Island properties] serves to maintain the status quo and preserve the value of the property while this case remains pending on appeal." *See* (ECF No. 421 at 4).

On December 20, 2024, and December 31, 2024, Posh and Planet 2 filed the instant Motions, respectively. *See* Mot. 1; *see also* Mot. 2. On January 29, 2025, Magistrate Judge Elfenbein recommended that this Court GRANT both Motions. *See generally* R&R. Plaintiff subsequently objected to the R&R on the following grounds: (1) the Court is divested of jurisdiction pending appeal, (2) the Terrorism Victim Fugitive Disentitlement Act ("TVFA"), codified at § 772.13(6), Florida Statutes (2023), applies to this action. *See* Obj. at 4, 14.

## II.  LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015)).

### III.  DISCUSSION

In its Motion, Posh seeks the Court's approval to proceed with the sale of the Collins Avenue Property with buyer Gil Dezertzov at a price of $7,600,000, who offered the highest bid out of four bidders.  R&R at 4 (citing Mot. 1 at 3).  In its Motion, Planet 2 the seeks the Court's approval to proceed with the sale of the Fisher Island Property with buyer Nicolas Nadeau at a price of $20,700,000, who offered the highest bid out of three bidders.  R&R at 5 (citing Mot. 2 at 2).  Neither Posh nor Planet 2 objects to the R&R findings and notes, in their Joint Response, that "the Court has already recognized that it is in the best interest of all parties to maximize the value of these assets pending appeal[.]"  Resp. at 2.  Plaintiff objects to the R&R on two grounds (1) lack of jurisdiction and (2) the TVFA.  This Court will now address Plaintiff's objections in turn.

First, Plaintiff argues that this Court lacks the jurisdiction to authorize the sale of the Collins Avenue and Fisher Island Properties because the sales are related to an ongoing appeal. *See* Obj. at 8.  As an initial matter, this objection does not warrant *de novo* review, as it was addressed in the R&R.  *See Macort*, 208 F. App'x at 784; *see also* R&R at 7 ("Accordingly, the undersigned — consistent with Judge Moore's prior rulings — finds that the Court 'has the jurisdiction to permit the sale of the Fisher Island [and Collins Avenue Properties] pending appeal' because permitting the sales is 'a collateral matter.'") (quoting ECF No. 408 at 3).  Furthermore, as noted in the R&R, this Court has already determined that the sale of the properties at issue constitutes a "collateral matter."  *See id.*  Accordingly, Plaintiff's first objection is overruled.

Second, Plaintiff argues that the TVFA apples to the instant case.  *See* Obj. at 14.  Like Plaintiff's previous objection, this was addressed in the R&R, and thus, does not warrant *de novo*

review.  *See Macort*, 208 F. App'x at 784; *see also* R&R at 7 (noting that to accept Plaintiff's argument that the TVFA applies in this case "would require the undersigned to make a finding contrary to Judge Moore's prior ruling in the case" and finding that application of the TVFA "does not support the denial of Posh and Planet's respective Motions.").  This Court finds no clear error with the R&R's finding that the TVFA is not applicable in the instant case.  Accordingly, Plaintiff's second objection is overruled.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 434) is ADOPTED.  Interested Party Posh 8 Dynamic, Inc.'s Motion for Court Approval of Proposed Sale of Collins Avenue Property (ECF No. 424) is GRANTED.  Interested Party Planet 2 Reaching, Inc.'s Motion for Court Approval of its Proposed Sale of Fisher Island Property (ECF No. 425) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of February, 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record