# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendants.

_____/

## EXPEDITED MOTION TO INTERVENE AND OPPOSITION TO JOINT NOTICE OF GLOBAL FINAL RESOLUTION AND JOINT MOTION FOR COURT APPROVAL

Pursuant to Fed. R. Civ. P. 24(a)(2), Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express"), moves to intervene and files its opposition to the Joint Notice of Global and Final Resolution and Joint Motion for Court Approval (ECF 448) ("Joint Motion").

## REQUEST FOR EXPEDITED RELIEF

Pursuant to Local Rule 7.1(d)(2), Casa Express respectfully requests expedited consideration of this Motion. The Joint Motion seeks approval of a $6 million disbursement to Antonio Caballero ("Caballero") from the proceeds of the Fisher Island Property[1] sale, disregarding clear restrictions imposed by the Office of Foreign Assets Control ("OFAC"). According to the Joint Motion, the closing on the Fisher Island Property is scheduled to occur on or before April 30, 2025. To prevent the dissipation of those proceeds in a manner inconsistent with OFAC regulations, Casa Express respectfully requests that the Court rule on this Motion by April 25, 2025.

---

[1] "Fisher Island Property" refers to the property located at 7043 Fisher Island Drive, Unit 7043, Miami Beach, Florida 33109.

1

## BACKGROUND

1. Casa Express is a judgment creditor of the Bolivarian Republic of Venezuela ("Venezuela"). It holds a $43.3 million final judgment ("Judgment") issued by the District Court of the Southern District of New York for Venezuela's non-payment of two sovereign bonds.

2. On August 27, 2021, Casa Express registered its Judgment with a court in this District pursuant to 28 U.S.C. § 1963. *See Casa Express Corp v. Bolivarian Republic of Venezuela, et al.*, Case No. 21-cv-23103-BB (S.D. Fla.) ("Parallel Litigation"), (ECF 1).

3. A week later, Casa Express moved to commence proceedings supplementary against Alejandro Andrade Cedeno ("Cedeno") Raul Gorrin Belisario ("Gorrin") and his controlled entities, including Planet 2 Reaching, Inc. ("P2R"). *See id.* (ECF 3). The motion to commence proceedings supplementary alleged that Gorrin misappropriated Venezuelan funds in a foreign currency exchange scheme and used the proceeds generated from that scheme to buy eight real properties in Florida, including the Fisher Island Property held by P2R. *Id*. It further alleged that the real properties were subject to a constructive trust in favor of Venezuela because misappropriated Venezuelan funds were used to acquire the properties.

4. On September 14, 2021, Judge Bloom granted Casa Express's motion to commence proceedings supplementary and issued notices to appear against Gorrin, his controlled entities, and Gorrin's conspirator, Cedeno. *Id*. (ECF 4).

5. While the Parallel Litigation was pending, Caballero surreptitiously obtained title to the Fisher Island Property and the Collins Avenue Property. Upon discovery, Casa Express moved to implead the Caballero Entities on an emergency basis arguing that they took title to the real properties subject to Casa Express claims because they had actual, inquiry, or constructive knowledge of the Parallel Litigation. *Id*. (ECF 122).

6. On January 20, 2023, the Court granted the Emergency Motion holding that Casa Express presented sufficient evidence to create a rebuttable presumption that the Caballero Entities "knew of this supplementary proceeding and took title subject to the outcome of this litigation." *See* Exhibit A.

7. The Caballero Entities moved to vacate the Order and to dismiss. Parallel Litigation, (ECF 158). In response, Casa Express requested that the Court enter an Order affirming that the Caballero Entities took title subject to Casa Express's claims because they admitted to possessing actual knowledge of the Parallel Litigation prior to obtaining title to the real properties. *Id.* (ECF 167).

8. The Court deferred ruling on this issue pending resolution of this action finding that if the sales to the Caballero Entities were set aside "they will no longer be proper Impleaded Defendants in this case." *See* Exhibit B. As a result, Casa Express has been closely monitoring this proceeding.

9. On May 24, 2024, the Court granted a motion for judgment on the pleadings in favor of Gorrin and his entities against Casa Express. Parallel Litigation, (ECF 283). Casa Express has appealed that ruling, and the appeal remains pending before the Eleventh Circuit. *Casa Express Corp v. Bolivarian Republic of Venezuela, et al.,* Case No. 24-11642-H (11th Cir. 2024) (the "Casa Express Appeal").

10. On April 14, 2025, Gorrin and Caballero filed the Joint Motion.

11. The Joint Motion contends Section I(a) of the License authorizes D.E. Wilson to distribute $6 million from the sale of the Fisher Island Property to Caballero. This is incorrect. Section I(a) provides:

> all activities ordinarily incident and necessary to continue to manage and maintain all of the blocked properties and chattels (such as vessels, vehicles and aircraft)

3

> (collectively, the "Properties"), including representing the Properties in litigation and other forms of dispute resolution, owned by Raul Belisario Gorrin and Gustavo Perdomo, persons whose property and interests in property are blocked pursuant to Executive Order 13850, including, but not limited to, acting as legal representative for the Properties and their property managers, collecting, receiving, and depositing income generated from the Properties, and debiting condominium assessment payments;

(ECF 448-1) License, at I(a).

12. Section I(a) authorizes Mr. Wilson to represent the Properties "in litigation and other forms of dispute resolution," such as arbitration or mediation. However, Section I(a) does not authorize Mr. Wilson to disburse sale proceeds generated by a blocked property to satisfy unsecured claims asserted against Gorrin or his entities.

13. In fact, Section I(b) restricts the use of sale proceeds to reimbursement of those costs that are "necessary and incident" to consummate the sale and mandates that any surplus be deposited in a blocked account:

> [T]he Licensee may engage in transactions ordinarily incident and necessary to sell the Properties, and <u>the Licensee is authorized to recover for itself, and/or reimburse third parties, from the proceeds of the sale of any of the Properties, any taxes, costs, or legal, administrative or other fees that are necessary and incident to the sale of any of the Properties</u>, **and place the remainder in a blocked account**, as consistent with section 591.203 of the Venezuela Sanctions Regulations and reported to OFAC.

License, at I(b) (emphasis added).

14. Section II(c) reiterates that any surplus proceeds must be deposited in a blocked account at a U.S. financial institution:

> <u>Any payments received by Licensee</u> related to the income generated from the Properties, <u>including from the sale of the Properties</u>, in excess of fees due against the Properties **shall be placed into a blocked account at a U.S. financial institution.**

*Id.* at II(c) (emphasis added).

15. Tellingly, the Joint Motion fails to address Sections I(b) and II(c) of the License. Instead, it contends that "(1) the OFAC license grants [Mr. Wilson] the power to resolve litigation matters in order to preserve the value Properties [sic]; and (ii) this Global and Final Resolution between Caballero and the Interest parties preserves the value of the Properties." Mot. at 3. These conclusions lack support in the License text.

16. The License does not permit Mr. Wilson to distribute proceeds generated from the sale of Blocked Property as part of a litigation settlement. In fact, it restricts the use of sale proceeds for reimbursement of "necessary or incidental" fees associated with the sale, and mandates that any surplus be deposited in a blocked account.

17. Neither Gorrin nor Caballero explains how paying $6 million dollars to Caballero is necessary or incidental to a Court-ordered sale. Claiming that such payment "preserves" the value of the Fisher Island Property is illogical, as it would immediately reduce the blocked asset's value by 33%.

18. Casa Express moves to intervene in this proceeding to protect its interest in the Fisher Island Property and to prevent disbursement of funds in violation of OFAC regulations and this Court's Order (ECF 434). [2]

**MEMORANDUM OF LAW**

**I. Casa Express should be permitted to intervene as a matter of right.**

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows "anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so

---

[2] Just hours before the Joint Motion was filed, counsel for Gorrin contacted the undersigned to urgently request Casa Express's position on whether it objected to the sale of the Fisher Island Property. Proceeding under the assumption that Gorrin had obtained the necessary authorization from OFAC, Casa Express extended a settlement offer to him. Given that Gorrin lacks proper authorization, Casa Express rescinds that offer.

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

"In order to intervene as of right, an intervenor must show that: (1) the application to intervene is timely, (2) the intervenor has an interest in the property or transaction that is the subject of the action, (3) the disposition of the action may impede or impair the intervenor's ability to protect that interest, and (4) their interest is not adequately represented by the existing parties to the suit." *Fuel Ave., Inc. v. Nat'l Brokers of Am., Inc.*, 329 F.R.D. 461, 463 (S.D. Fla. 2019) (citing *Meadowfield Apartments, Ltd. v. United States*, 261 Fed. Appx. 195, 196 (11th Cir. 2008)). Casa Express satisfies all four factors for intervention.

**Timely.** "The timeliness of an application for intervention is evaluated by considering the length of time in which an applicant knew or reasonably should have known of their interest in the case, the extent of prejudice to the existing parties as a result of timely intervention, the extent of prejudice to the applicant if their motion is denied, and the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Moreover, "the requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Id.*

Here, Casa Express is moving for intervention a few hours after the Joint Motion was filed. The proposed intervention would not prejudice Caballero, Gorrin, or their controlled entities all of whom have knowledge of Casa Express's claims to the Blocked Properties. On the other hand, Casa Express will be significantly prejudiced if it is denied intervention while Caballero and

6

Gorrin deplete the value of the Fisher Island Property, a property that has been the subject of nearly four years of litigation in the Parallel Litigation.

For these reasons, Casa Express submits that its motion to intervene is timely.

**Interest**. For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249; *see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

Casa Express has a direct and legally protectable interest in the Fisher Island Property under the constructive trust theory asserted in the Parallel Litigation. Although the District Court rejected this theory, the Casa Express Appeal remains pending before the Eleventh Circuit. Just like this Court agreed to hold the surplus funds while Caballero pursued his appeals, it should extend the same treatment to Casa Express who is a similarly situated creditor.

**Impairment of Interest.** Granting the Joint Motion would result in the immediate depletion of one-third of the Fisher Island Property's value. This outcome would impair Casa Express's ability to collect on its Judgment against the surplus funds generated from the sale of the Fisher Island Property.

Therefore, the disposition of the Joint Motion will impair Casa Express's ability to recover from the surplus funds generated by the sale of the Fisher Island Property.

**Adequate Representation.** The inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest "may be" inadequate' ... [and] 'the burden of making that showing should be treated as minimal.'" *Chiles,* 865 F. 2d at 1214-15.

Neither Gorrin nor Caballero nor their controlled entities will adequately protect Casa Express's interests. Gorrin and Caballero have brokered a settlement for themselves that completely ignores Casa Express's entitlement to the surplus funds generated from the sale of the Fisher Island Property.

Accordingly, Casa Express's interests will not be adequately represented absent intervention.

**WHEREFORE,** Casa Express Corp, as Trustee of Casa Express Trust, respectfully requests that the Court enter an Order (1) permitting the proposed intervention; (2) denying the Joint Motion (ECF 448); (3) ordering that the sale of the Fisher Island Property be conducted in accordance with Order (ECF 438); (4) holding any surplus funds in the Court registry pending resolution of the Casa Express Appeal; and (5) granting any other relief it deems proper and just.

Dated: April 15, 2025

Respectfully submitted,

**GAMARDO, P.A.**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
Tel: (786) 741-2662

/s/ *Andres Gamardo*
Andres Gamardo, Esq.
Florida Bar No.: 1021165
Email: agamardo@gamardolaw.com
*Attorney for Casa Express Corp*

<u>**Local Rule 7.1(a)(3) Certification**</u>

Due to the time-sensitive nature of the motion, the undersigned counsel was unable to confer with counsel to the Plaintiff and the Interested Parties.

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

By: /s/ *Andres Gamardo*
Andres Gamardo, Esq.