UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,
v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a NATIONAL LIBERATION
ARMY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO INTERVENE

THIS CAUSE came before the Court upon Casa Express Corporation's ("Casa") Expedited Motion to Intervene and Opposition to Joint Notice of Global Final Resolution. ("Mot.") (ECF No. 449). The Interested Parties[1] filed a Response in Opposition ("Resp.") (ECF No. 453) and Plaintiff Antonio Cabellero ("Plaintiff") filed a Response in Opposition ("Pl. Resp.") (ECF No. 454). Casa filed a Reply in Support. ("Reply") (ECF No. 456). The Motion is now ripe for review. As set forth below, the Motion is DENIED.

**I.    BACKGROUND**

The Court assumes the Parties' familiarity with the facts and procedural history of this case. This case arises out of an underlying action in which Plaintiff sued the Fuerzas Armadas Revolucionarias de Colombia ("FARC") pursuant to 18 U.S.C. § 2333, part of the Anti-Terrorism Act (ATA) (the "Underlying Action"). *See* (ECF No. 1) ¶ 1. After extensive litigation, on August 21, 2023, the Court granted summary judgment to the Interested Parties upon finding that Plaintiff

---

[1] The Interested Parties are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. See (ECF No. 207) at 2 n. 1.

failed to prove that the Interested Parties are agencies or instrumentalities of the FARC. (ECF No. 365). Thereafter, the Court entered Final Judgment in favor of the Interested Parties and set aside *nunc pro tunc* the sale of two properties, known as the Fisher Island Property and the Collins Avenue Property. (ECF No. 374). The Final Judgment was later amended to no longer require the transfer of the two properties or require the execution of Quit Claim Deeds until Plaintiff has exhausted appellate review. *See generally* (ECF No. 379) ("Amended Final Judgment"). Plaintiff appealed the Summary Judgment Order and the Amended Final Judgment to the United States Court of Appeals for the Eleventh Circuit, where it is currently pending. (ECF No. 380). Thereafter, this Court authorized the sale of the Fisher Island and Collins Avenue Properties to avoid foreclosure. *See* (ECF Nos. 411, 421, 438).

On April 14, 2025, the Parties filed a "Joint Notice of Global and Final Resolution and Joint Motion for Court Approval[.]" (ECF No. 448). On April 15, 2025, Casa filed the instant Motion, requesting "to intervene in this proceeding to protect its interest in the Fisher Island Property and to prevent disbursement of funds in violation of OFAC regulations and this Court's Order (ECF No. 434)." Mot. at 5. In response, the Interested Parties argues that "Casa has no legally cognizable interest in any of the properties at issue" and that the Motion is untimely. *See* Resp. at 3–5. Plaintiff in response argues that Casa is precluded from "imposing *lis pendens* on any of the Interested Parties' properties" and that the Motion is untimely. *See* Pl. Resp. at 1. In reply, Casa contends that "[i]t is undisputed that if the Eleventh Circuit reverses the order granting judgment on the pleadings, Casa Express would be entitled to pursue full recovery against the Fisher Island Property" and that its Motion is timely because it merely opposes the "six-million-dollar payment to Caballero, which violates OFAC's sanctions regime." Reply at 4.

**II.      LEGAL STANDARDS**

2

Intervention as of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2) requires a third party moving for intervention as of right to show that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Huff v. Comm'r of Internal Revenue Serv.*, 743 F.3d 790, 795 (11th Cir. 2014) (internal citation omitted). "The Eleventh Circuit has several times explained" that an intervenor's interest in the underlying proceeding must be "something more than an economic interest," and "one which the substantive law recognizes as belonging to or being owned by the applicant." *Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, Case No. 07-22988-CIV-MORENO/TORRES, 2008 WL 11318164, at *2 (S.D. Fla. Nov. 4, 2008) (internal citations omitted). "Intervention as of right is proper only where *all* four requirements have been established." *Arcia v. Detzner*, CASE NO. 12–22282–CIV–ZLOCH, 2012 WL 12844562, at *1 (S.D. Fla. Sept. 28, 2012) (emphasis in original).

Permissive intervention under Rule 24(b) "gives courts the discretion to allow a party, upon [a] timely motion, to intervene if that person's claim or defense and the main action share a question of law of fact." *Assa Compania De Seguros, S.A. v. Codotrans, Inc.*, CASE No. 13-23563-CIV-ALTONAGA/O'Sullivan, 2014 WL 11906599, at *5 (S.D. Fla. June 25, 2014) (internal citations omitted). A Movant seeking permissive intervention must show: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Id.* (internal citations omitted). "Permissible intervention is only appropriate where the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Id.* (internal quotation marks and citations omitted). "[I]t is wholly

3

discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Id.* (internal citation omitted).

### III. DISCUSSION

First, the Court notes Casa's concession that it "does not oppose the sale of the Fisher Island Property" and merely opposes "the proposed six-million-dollar payment to Caballero, which violates OFAC's sanctions regime." Reply at 4. Whether the proposed payment "undermines the integrity of OFAC's sanctions regime," as Casa claims, will be taken into consideration in adjudicating the Parties Joint Motion for Court Approval of Global Resolution (ECF No. 448), but has no bearing on whether Casa is entitled to intervene in this case. *See* Reply at 5; *see also Codotrans*, 2014 WL 11906599, at *5 (finding a a prospective intervenor must be "so situated that disposition of the action" might impair his or her ability to protect their interest).

Second, to intervene under Rule 24(a), an intervenor's interest in the underlying proceeding must be "something more than an economic interest," and "one which the substantive law recognizes as belonging to or being owned by the applicant." *See Buckley*, 2008 WL 11318164, at *2. Here, other than a general interest in the enforcement of "integrity of OFAC's sanctions regime[,]" Casa fails to point to any interest in this action other than its ability to "collect on its Judgment against the surplus funds generated from the sale of the Fisher Island Property." Mot. at 7.

Third, regarding Casa's economic interest in this action, Casa concedes that any economic interest it *may* have is conditioned on on the Eleventh Circuit reversing United States District Court Judge Beth F. Bloom's Order. *See generally* Reply. Therein, Judge Bloom held that Casa lacked standing to assert a claim over the Fisher Island Property and that "[w]ithout an OFAC license,

4

any 'judicial process is null and void' with respect to the [Fisher Island Property]." *See generally Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, No. 21-CV-23103, 2024 WL 1756363, at * 24(S.D. Fla. Apr. 24, 2024).

Moreover, courts have consistently denied motions to intervene based solely on post-judgment collection efforts, including in cases analogous to the one before this Court. *See Doe v. Ejercito de Liberacion Nacional*, No. 10-CV-21517., 2013 WL 8170186 (S.D. Fla. June 17, 2013) (denying Intervenors' renewed motion to intervene in the same action because, *inter alia*, "the law has various mechnicasm for determining priority among competing judgment creditors, making it unnecessary for parties to intervene in each other's cases to litigate their entitlement to certain assets."); *Doe v. Ejercito de Liberacion Nacional*, No. 10-CV-21517, 2012 WL 10713165 (S.D. Fla. Aug. 2, 2012) (denying intervention because Intervenors' interest in plaintiff's action was purely economic and not necessarily impaired by the plaintiff securing a default judgment against Defendants FARC and ELN);  see also Typhoon Media Corp. v. CVS Pharmacy, Inc., No. 11-61613-CIV, 2013 WL 12090020, at *3 (S.D. Fla. Aug. 22, 2013)  (holding that third-party judgment creditor's interest in funds received pursuant to a settlement agreement is "purely economic" and "by itself does not warrant intervention as of right").  Finally, because Casa's interest is either (1) purely economic or (2) nonexistent, Casa is not entitled to intervene as of right.

Next, the Court addresses whether Casa may intervene pursuant to Rule 24(b).  In reply, Casa argues that it should be granted permissive intervention because the Motion is timely and:

> Approving the proposed settlement would divert six-million-dollars from Casa Express's potential collection—an especially troubling outcome given that the court in the Parallel Litigation established a presumption that Caballero acquired title to the Fisher Island Property subject to Casa Express's claims. It is undisputed that if the Eleventh Circuit reverses the order granting judgment on the pleadings, Casa Express would be entitled to pursue full recovery against the Fisher Island Property.

5

Reply at 5.  First, it is worth noting that neither Plaintiff nor the Interested Parties have had an opportunity to respond to this argument, as Casa first raised it in Reply.  Second, even if Casa's Motion contains "a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied," the Court is within its discretion to deny intervention.  *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (internal quotations omitted).  Here, the Court is not convinced that Casa's Motion is timely or that it contains "a common question of law or fact" sufficient to meet the requirements of Rule 24(b).  Nevertheless, even if Casa had met the requirements of Rule 24(b), this Court would exercise its discretion in denying Casa's Motion, which was brought after nearly six years of protracted litigation in this case.  *See In re Tousa, Inc.*, CASE No. 10-60017-cv-GOLD, 2011 WL 13214039, at *4 (S.D. Fla. Apr. 26, 2011) (citing *Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324, 1333 (D.C. Cir. 1986) (stating that "intervention after judgment will usually be denied *where a clear opportunity for pre-judgment intervention was not taken*")) (emphasis added).

IV.   **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED and ADJUDGED that the Expedited Motion to Intervene (ECF No. 449) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  *24th*  day of April 2025

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record