**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,
v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a NATIONAL LIBERATION
ARMY, *et al.*,

    Defendants.
_____/

## ORDER ON GLOBAL RESOLUTION

THIS CAUSE came before the Court upon the Parties[1] Joint Notice of Global and Final Resolution and Joint Motion for Court Approval. ("Mot.") (ECF No. 448). As set forth below, the Motion is GRANTED.

The Parties have engaged in extensive litigation before this Court, the United States District Court for the Southern District of New York, and have appeals pending before the United States Court of Appeals for the Eleventh Circuit. *See* Mot. at 2. Now before this Court is the Parties Global Resolution which contemplates: (1) the private sale of the Fisher Island Property for $18,365,000, (2) a $6,000,000 payment to Plaintiff, (3) Plaintiff dismissing his appeals related to this action before the Eleventh Circuit with prejudice, (4) Plaintiff dismissing "all pending actions against Interested Parties, including any actions against the Released Properties" with prejudice, and (5) an agreement between Plaintiff and the Interested Parties "that there will be no further litigation with respect to Caballero's Final Judgment[.]" Mot. ¶¶ 1–7.

---

[1] The Parties include Plaintiff Antonio Cabellero ("Plaintiff") and the Interested Parties, which are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See* (ECF No. 207 at 2 n. 1).

On April 24, 2025, the Court denied Casa Express Corporation's Motion to Intervene, which sought intervention to protect its economic interests and the "integrity of OFAC's sanctions regime[.]" *See* (ECF No. 457 at 4) (quoting (ECF No. 449 at 7)). Nevertheless, in denying Casa Express Corporation's Motion to Intervene, the Court noted it would consider whether the proposed Global Resolution "undermines the integrity of OFAC's sanctions regime[.]" *Id.* First, in support of the instant Motion, the Parties filed a March 18, 2025, License Amendment from the Office of Foreign Assets Control, or OFAC, authorizing Mr. Wilson to engage in:

> [A]ll activities ordinarily incident and necessary to continue to manage and maintain all of the blocked properties and chattels (such as vessels, vehicles and aircraft) (collectively, the "Properties"), **including representing the Properties in litigation and other forms of dispute resolution**, owned by Raul Belisario Gorrin and Gustavo Perdomo, persons whose property and interests in property are blocked pursuant to Executive Order 13850, including but not limited to, acting as legal representative for the Properties and their property managers, collecting, receiving, and depositing income generated from the Properties, and debiting condominium assessment payments[.]

("Wilson License") (ECF No. 448–1 at 2) (emphasis added). Moreover, all Parties before this Court agree that the Wilson License covers the events contemplated in the Global Resolution. *See* (ECF No. 453 at 9) (Mr. Wilson "has informed OFAC of the contemplated Global and Final Resolution and executed the Joint Motion because doing so would avoid a foreclosure sale (scheduled for April 15, 2025) and preserve the value of the Fisher Island Property in accordance with his duties under the Wilson License."); *see also* (ECF No. 454 at 9) ("Caballero has a TRIA Judgment and needs no OFAC license, but Caballero also rejects Casa's position that the Wilson License somehow prevents P2R from engaging in a partial satisfaction of a TRIA Judgment – such as through the Global and Final Resolution."). Here, the Court finds that the Global Resolution does not violate OFAC's sanctions regime or policies. Moreover, the Court finds that Mr. Wilson has executed and authorized the Global Resolution pursuant to the Wilson License.

Accordingly, it is ORDERED AND ADJUDGED that the Joint Notice of Global and Final Resolution and Joint Motion for Court Approval (ECF No. 448) is GRANTED, and the Global Resolution (ECF No. 448) is APPROVED. The Court retains jurisdiction to enforce the terms of the Parties' settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this  25th  day of April 2025

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record